**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Godfrey CARROLL,**
**Defendant–Appellant.**

**No. 90–10179.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 1991.

Decided May 9, 1991.

As Amended Aug. 2, 1991.

**824**

Michael W. Berdinella, Fresno, Cal., for plaintiff-appellee.

Carl Faller, Jr., Asst. U.S. Atty., Fresno, Cal., for defendant-appellant.

Before SCHROEDER, CANBY and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

Godfrey Carroll entered a plea of guilty to a one-count information charging him with the possession of phencyclidine (PCP) with the intent to distribute on November 6, 1989. On March 26, 1989 he was sentenced to 146 months in custody. He now challenges four of the prior state convictions which were used in computing his criminal history and were thereby a basis for the sentence imposed. He contends that the convictions were constitutionally invalid because they resulted from guilty pleas which were not knowing and voluntary. We reverse and remand.

## THE RECORD AS TO THE PRIOR CONVICTIONS

On April 25, 1982 Carroll pleaded guilty to possession of a controlled substance in the Municipal Court of Compton. The minutes of the court state that he was represented by counsel; that he was advised of the elements of the charges and the possible penalties; that he stated that he understood his rights as stated by the court; that he expressly and explicitly waived his right to jury trial, to confrontation, and cross-examination of the witnesses and his right to remain silent; and the court determined that these waivers were knowingly, intelligently and voluntarily made.

On June 24, 1982 Carroll pleaded guilty to grand theft in the Municipal Court of Los Angeles County. The minutes of the court state that he was advised of the elements of the charges and the possible penalties; that he stated that he understood the charges and the penalties; that he stated that he understood his rights as stated by the court; that he expressly and explicitly waived his right to jury trial, to confrontation and cross-examination of the witnesses and his right to remain silent; and the court determined that these waivers were knowingly, intelligently and voluntarily made.

On February 20, 1985 Carroll pleaded guilty to possession of a controlled substance. The plea was entered in the Municipal Court of Compton. The minutes of the court state that the magistrate asked the defendant if he pleaded guilty and that, with the defendant's counsel still present in court, the defendant did plead guilty. The case was then certified to the Superior Court for the County of Los Angeles for sentencing. On March 21, 1985 the Superior Court sentenced Carroll to a fine and probation for three years. There are no records available of the proceedings at the time the defendant would have been advised of his rights.

On March 13, 1987 Carroll was convicted of giving a false ID to a police officer and driving without a license. The conviction was in the Municipal Court for Long Beach. The record reflects that Carroll, as one person in a group of defendants, was advised of his right to a jury trial, to confrontation and cross-examination of the witnesses and his right to remain silent. He was also advised of his right to counsel. At the time he was individually sentenced the transcript reveals that the commissioner asked Carroll if he wished to waive the rights that had been explained earlier and that Carroll answered yes. The court made a finding that the waiver was knowingly, intelligently and voluntarily made. At the sentencing the commissioner also asked Carroll if he wanted the public defender to represent him and Carroll answered no. Carroll pleaded guilty.

## ANALYSIS

■ A conviction is constitutionally invalid if the defendant pleads guilty without waiving his rights to jury trial, to confront the witnesses against him and to remain silent. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). As we have construed the requirements of *Boykin*, it is not necessary that each waiver be explicit as long as the plea was "vol-

untary and intelligent." *United States v. Pricepaul*, 540 F.2d 417, 424 (9th Cir.1976).

The Supreme Court first set out the standard for determining the validity of a prior conviction in *Boykin*, a habeas corpus proceeding in a death penalty case. We applied the *Boykin* standard in *Pricepaul* to determine the validity of a prior conviction where that conviction was an element of a new crime. More recently, we have adopted this standard where the validity of a conviction affects the application of the Sentencing Guidelines, *United States v. Newman*, 912 F.2d 1119 (9th Cir.1990), because the consequences to a defendant of a prior conviction may be as serious under the Sentencing Guidelines as they were to the defendants in *Boykin* and *Pricepaul*. The rationale of *Newman* is equally applicable in the present case, where Carroll's prior state convictions were used to calculate his sentence.

■ Under the *Newman* analysis, when the government seeks to raise the offense level under the Guidelines, the government must show the fact of conviction. *Newman*, 912 F.2d at 1122. Then, pursuant to the USSG § 4A1.2, Commentary No. 6 (effective November 1, 1989), the defendant has the burden of establishing the constitutional invalidity of the prior conviction. *Id.*[1] The defendant may do so through testimony at an evidentiary hearing.

■ In the present case the first two contested prior convictions are based on court records which the defendant challenges only by arguing that no transcript of the proceedings shows his waiver of his rights. In the absence of other evidence, the court records which assert that he did waive the rights must be presumed to be correct. Carroll has not carried his burden of proving the invalidity of these convictions.

Similarly, as to the March 13, 1987 case in Long Beach, the transcript of the sentencing proceeding shows that Carroll was informed of his right to counsel and that he waived this right. The transcript also shows that Carroll personally waived his rights to a jury trial, confrontation and against self-incrimination prior to the entry of his plea. The minutes show that the judge who accepted the plea made a finding that the waivers were knowingly, intelligently, and voluntarily made. Carroll has not carried his burden of proving the invalidity of this conviction.

■ In the February 20, 1985 case in the Municipal Court of Compton, there is no court record of Carroll's waiver of his rights. As in *Boykin* and *Pricepaul*, the record is totally silent. Carroll objected to the presentence report that relied on this conviction. The district court should have given Carroll the opportunity of a hearing on whether or not he had waived his rights.

Accordingly, we reverse the sentence and remand to the district court for hearing on the February 20, 1985 conviction as to which Carroll has raised a challenge that merits further examination.

REVERSED AND REMANDED.

---

1. We note that the amendments to the Sentencing Guidelines effective November 1, 1990 "deleted the provision covering defendants' challenges to the validity of the predicate offenses before the sentencing court." *United States v. Mims*, 928 F.2d 310, 312 n. 1 (9th Cir.1991). However, Carroll is entitled to avail himself of the sentencing guideline provisions which were in effect at the time of sentencing. *Id.*