942 F.2d 791
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank E. HERNANDEZ, Petitioner-Appellant,
v.
Bill BUNNELL, Warden, Defendant-Appellant.
 No. 90-15047.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 22, 1991.*
Decided Aug. 26, 1991.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank E. Hernandez appeals the district court's denial of his petition for habeas corpus. Hernandez challenges a five year enhancement, made pursuant to Cal.Penal Code § 667 because of a prior conviction, to his sentence. According to Hernandez, use of this prior conviction (CR-7488) was impermissible, because his guilty plea in that case was not knowing and voluntary. He alleges that the trial court in CR-7488 failed to advise him that by pleading guilty he was giving up his constitutional rights.
 
 
 3
 A conviction is constitutionally invalid if the defendant pleads guilty without waiving his rights to jury trial, to confront the witnesses against him and to remain silent. Boykin v. Alabama, 395 U.S. 238 (1969). It is not necessary that each waiver be explicit as long as the plea was "voluntary and intelligent." United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991); United States v. Pricepaul, 540 F.2d 417, 424 (9th Cir.1976).
 
 
 4
 Pursuant to People v. Sumstine, 36 Cal.3d 909, 687 P.2d 904, 206 Cal.Rptr. 707 (1984), California provided Hernandez with an evidentiary hearing on his claim. Under Sumstine, if a petitioner challenges on Boykin grounds the use of a prior conviction, the state must show the fact of conviction. If this is done, the defendant has the burden of producing evidence that his constitutional rights were infringed. If the defendant bears this burden, the state must produce evidence in rebuttal. See also United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990) (For purposes of using a prior conviction in a criminal history score under the sentencing guidelines, government has initial burden of proving the fact of conviction. If this is done, the defendant has the burden of establishing the constitutional invalidity of the prior conviction.)
 
 
 5
 At the evidentiary hearing, the state showed the fact of conviction. Although the transcript of the proceedings at which Hernandez pled guilty had been destroyed after five years, the state produced the clerk's minute order, dated April 10, 1980. That order indicated that Hernandez had been advised of his rights and had been warned of the possible consequences of a guilty plea. It also stated that Hernandez had waived his legal rights as explained and had entered a guilty plea knowingly and voluntarily.
 
 
 6
 Hernandez, however, failed to meet his burden of demonstrating a constitutional error. He admits that he testified at the evidentiary hearing that he was represented by counsel at the time of his plea in 1980, that he was aware of his Boykin rights before he entered his plea, that he was advised of these rights by the trial judge, and that he was aware of the consequences of his plea. See Response to Order to Amend Petition, at 2. Given these admissions, the district court correctly found that the state's use of Hernandez's prior conviction did not violate Boykin.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3