951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nathaniel NELSON, Defendant-Appellant.
 No. 91-10084.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1991.
Decided Dec. 13, 1991.
 
 Before FLETCHER, WIGGINS and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On appeal, the defendant complains that his sentence on his conviction for driving under the influence of alcohol, enhanced based on a prior conviction for the same offense, was improper because the prior conviction was constitutionally invalid. We disagree.
 
 
 3
 A. A prior guilty plea by an uncounseled defendant is valid if the defendant voluntarily waived his rights to counsel, to a jury trial, to confront his accusers, and to remain silent. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); Carnley v. Cochran, 369 U.S. 506, 512-16 (1962); United States v. Carroll, 932 F.2d 823, 824-25 (9th Cir.1991).
 
 
 4
 Here, in a videotaped presentation, the Commissioner explained each of those constitutional rights to Nelson and the others gathered for arraignment; he also stated that any defendant who had questions should raise them when appearing in person before the Commissioner. Nelson then filled out and signed a form waiving each of the four constitutional rights. Finally, when Nelson appeared in person before the Commissioner, the Commissioner asked him if he understood the waiver and plea form that he had just completed and signed. Nelson said yes. The Commissioner asked him if he understood his constitutional rights and whether he freely and voluntarily waived those rights. Nelson again said yes. During the colloquy with the Commissioner, Nelson had ample opportunity to ask questions but asked none.
 
 
 5
 The record adequately reflects that Nelson's plea was intelligent and voluntary. Cf. Boykin, 395 U.S. at 244; United States v. Pricepaul, 540 F.2d 417, 422-24 (9th Cir.1976). The fact that the initial advisement of constitutional rights was by means of a videotaped presentation does not alter our conclusion.
 
 
 6
 B. Nelson complains that certain aspects of his right to a jury trial--specifically the presumption of innocence and his right to testify in his own defense--were not adequately explained to him. However, neither Boykin nor any subsequent Supreme Court or Ninth Circuit case requires such an explanation before a defendant pleads guilty.
 
 
 7
 C. The Commissioner was not required to advise Nelson of the dangers of self-representation before pleading guilty. Faretta v. California, 422 U.S. 806, 835-36 (1975), to which Nelson directs our attention, only requires such a warning before a defendant decides to represent himself at trial.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3