953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd Oliver DONATHAN, Defendant-Appellant.
 No. 91-50026.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1991.*
Decided Jan. 27, 1992.
 
 Before PREGERSON, CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Todd Oliver Donathan appeals his December 31, 1990, sentence for bank robbery. The district court determined that Donathan was a career offender under the United States Sentencing Guidelines and enhanced his sentence. The court included a 1971 state burglary conviction when calculating Donathan's criminal history score for sentencing purposes. Donathan had pled guilty to the burglary in state court. However, he asserts that the state conviction was constitutionally invalid because his guilty plea was not intelligent and voluntary.
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291. The legality of a sentence is reviewed de novo. United States v. Ruiz, 935 F.2d 1033, 1035 (9th Cir.1990). We now reverse the sentence and remand to the district court for an evidentiary hearing.
 
 
 4
 In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court held that it was constitutional error for a state trial court to accept a defendant's guilty plea without an affirmative showing that the plea was voluntary and intelligent. Id. at 248. The Court also held that a defendant, by pleading guilty, waives three federal constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination.[1] Id. at 243. Finally, the Court in Boykin held that a waiver of those rights cannot be presumed from a silent record. Id.
 
 
 5
 In this case, the state court transcript was silent on whether Donathan affirmatively had waived his Boykin rights when he pled guilty to burglary in 1971. The district court did not hold an evidentiary hearing to determine whether the state trial court committed constitutional error when it accepted Donathan's guilty plea.
 
 
 6
 Our recent decision in U.S. v. Carroll, 932 F.2d 823 (9th Cir.1991), mandates that we remand this case to the district court for a hearing to determine whether, when he pled guilty, Donathan affirmatively waived his Boykin rights.[2] In Carroll, the defendant challenged the use of prior convictions to compute his criminal history score. Carroll alleged that the prior convictions were unconstitutional because they followed guilty pleas which were not knowing and voluntary.
 
 
 7
 We reversed Carroll's sentence. Specifically, we found that the record was silent on the key question whether Carroll knowingly and voluntarily entered his guilty plea, thereby waiving his Boykin rights. We remanded the case and held that "[t]he district court should have given Carroll the opportunity of a hearing on whether or not he had waived his [Boykin ] rights." Id. at 825.
 
 
 8
 We follow Carroll and reverse Donathan's sentence and remand to the district court with instructions to hold an evidentiary hearing to determine the constitutional validity of the 1971 state burglary conviction.
 
 
 9
 REVERSED AND REMANDED.
 
 RYMER, Circuit Judge, dissenting:
 
 10
 I respectfully dissent because Donathan never stated at his federal sentencing hearing that he did not knowingly waive his Boykin rights at the state court proceeding. Furthermore, even if Donathan had properly raised a Boykin challenge in the district court, he made a full proffer of evidence, thus obviating the necessity of an additional evidentiary hearing.
 
 
 11
 At his sentencing hearing, Donathan only claimed that he was under the impression that if he pleaded guilty to the state charge, "everything would be squashed, completely erased," after completing his parole. This statement does not demonstrate that Donathan was unaware that he was surrendering Boykin rights by foregoing a trial, only that he was unaware of all the potential collateral consequences of his plea. Having failed to even mention the issue of a waiver of Boykin rights, Donathan cannot now raise this issue on appeal.
 
 
 12
 Additionally, even if Donathan had raised a Boykin challenge in the district court, he still had the opportunity to make a full evidentiary proffer. He presented his own testimony as well as the testimony of his sister, Susan Pashaian, who was the victim of the 1971 burglary. Because Donathan presented evidence to the district court, a remand for another evidentiary hearing is redundant.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(1); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thereafter, these rights became known as Boykin rights
 
 
 [2]
 Application Note 6 in the Commentary following Guideline § 4A1.2 was modified after Donathan committed his offense but before he was sentenced, to provide: "[S]entences resulting from convictions that a defendant shows to have been previously ruled constitutionally invalid are not to be counted." At the time of Donathan's offense, the Commentary stated: "Convictions which the defendant shows to have been constitutionally invalid may not be counted...." U.S.S.G. § 4A1.2 comment. n. 6 (1989). Because the effect of the amendment may be to increase Donathan's sentence, the earlier version of Note 6, in effect at the time of Donathan's offense, must be applied. See United States v. Sweeten, 933 F.2d 765, 772 (9th Cir.1991)