983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kraig FUJINAKA, Defendant-Appellant.
 No. 91-50182.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1992.*
Decided Dec. 31, 1992.
 
 Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Fujinaka appeals from his sentence under the Sentencing Guidelines following his conviction for aiding and abetting a bank robbery in violation of 18 U.S.C. §§ 2(a) and 2113(a). Fujinaka contends that the district court erred in finding that he was a career offender under section 4B1.1 of the Guidelines because his two prior state robbery convictions were constitutionally invalid. See U.S.S.G. § 4B1.1. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.
 
 
 2
 Fujinaka contends that his two prior state robbery convictions were unconstitutional because the state court failed to advise him that he would have the right to an attorney if he decided to plead not guilty and proceed to trial. Prior to sentencing, the district court reviewed the transcripts of the state court proceedings and held that Fujinaka had voluntarily and intelligently pled guilty to the crimes. The district court thereafter sentenced Fujinaka to 210 months in prison.
 
 
 3
 A conviction based on a guilty plea must be voluntarily and intelligently made in order to comport with the Constitution. See United States v. Brady, 397 U.S. 742, 748 (1970). We review the voluntariness of a guilty plea de novo. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990). Factual findings relating to the prior conviction are reviewed for clear error. Id.
 
 
 4
 The parties agree that Fujinaka's two prior convictions must be constitutionally valid before he can be classified as a career offender. Although the government must show the fact of conviction, Fujinaka bears the burden of establishing by a preponderance of the evidence the constitutional invalidity of his prior convictions. Id. at 1122.
 
 
 5
 The district court properly upheld for sentencing purposes the validity of Fujinaka's prior convictions. Before he pled guilty to the state robbery charges, Fujinaka expressly waived his rights to a jury trial, to confront the witnesses against him, and to remain silent. Accordingly, Fujinaka's plea satisfied the requirements of Boykin v. Alabama, 395 U.S. 238, 243-44 (1969). Fujinaka was represented by counsel in the state court proceedings. Although the state court did not explicitly advise Fujinaka that he had a right to representation by counsel if he chose to go to trial, a counseled defendant's plea is not constitutionally invalid solely on that ground. See id. at 242-43; see also United States v. Carroll, 932 F.2d 823, 824-25 (9th Cir.1991) (upholding use of prior convictions even though counseled defendant was not explicitly informed of right to counsel). We hold that the record fully supports the finding of the district court that Fujinaka voluntarily and intelligently waived his constitutional rights.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4