985 F.2d 575
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Eugene HARKEY, Defendant-Appellant.
 No. 91-30397.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1993.*
Decided Jan. 25, 1993.
 
 1
 Appeal from the United States District Court for the Eastern District of Washington; No. CR-88-244-JLQ, Justin L. Quackenbush, Chief District Judge, Presiding.
 
 
 2
 E.D. Wash. [APPEAL AFTER REMAND FROM, 923 F.2d 138.]
 
 
 3
 AFFIRMED.
 
 
 4
 Before FARRIS and KLEINFELD, Circuit Judges, and EZRA,** District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Michael Harkey appeals his fifteen year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), following his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He contends that the district court should not have considered four prior burglary convictions, two from 1977 and two from 1979. Because we find that the district court properly considered at least the three required prior convictions, we affirm.
 
 
 7
 I. Facts.
 
 
 8
 In 1977, Harkey was arrested on burglary charges. He entered into a plea agreement with prosecutors requiring him to disclose, inter alia, the identity and involvement of others in the burglaries and the identity of people who fenced the property for him. In exchange, the state agreed not to charge Harkey on other known burglaries, to release him pending presentence investigation, and to make an affirmative recommendation of probation with restitution at sentencing.
 
 
 9
 On August 5, 1977, Harkey pled guilty to two counts of second degree burglary. Before accepting the pleas, the court explained to Harkey the nature of the charges and the consequences of pleading guilty. The court also informed him of his right to have an attorney, the right to a jury trial at which the state would have to prove his guilt beyond a reasonable doubt, and his right to confront any witnesses against him in open court. Harkey stated that he understood the rights he was waiving by pleading guilty and he admitted to the factual basis of the offenses presented by the prosecutor. Harkey also signed a statement acknowledging his guilt and waiver of various rights.
 
 
 10
 At the sentencing hearing on November 30, 1977, Harkey's attorney and the prosecutor expressed an understanding that the plea agreement was null and void due to Harkey's failure to divulge the names of others. Harkey did not move to withdraw his guilty plea, nor did he claim that the government had breached the agreement.
 
 
 11
 In 1979, Harkey was again arrested for burglary. On November 5, 1979, he pled guilty to three counts: first degree burglary, second degree burglary, and escape. During the plea proceedings, the court explained to Harkey the nature of the charges and possible consequences of pleading guilty, and informed him of his rights to a jury trial, to confront witnesses against him at trial, to refuse to testify, and to have an attorney regardless of his ability to afford one. Harkey again signed a statement acknowledging his guilt and waiving rights.
 
 
 12
 Harkey was again convicted of first degree burglary on February 24, 1984. That conviction was not challenged below, and is not challenged on appeal.
 
 
 13
 In August 1988, Harkey was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was convicted after a jury trial on October 18, 1988. At his initial sentencing hearing, the district court held that second degree burglary did not count as a "violent crime" for purposes of sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The court therefore declined to impose the fifteen year mandatory minimum sentence required under the Act. United States v. Harkey, 709 F.Supp. 977, 985 (E.D.Wash.1989). The government appealed that decision, and ultimately obtained a remand for resentencing in light of the intervening decision of the Supreme Court in Taylor v. United States, 110 S.Ct. 2143 (1990), which held that second degree burglary was a "violent crime" for purposes of 18 U.S.C. § 924(e). United States v. Harkey, 923 F.2d 138 (9th Cir.1991).
 
 
 14
 On remand, the district court considered and rejected Harkey's challenges to the 1977 and 1979 burglary convictions. The court sentenced Harkey to the fifteen year mandatory minimum sentence and three years supervised release. Since the fifteen year sentence must be imposed when a person has three previous convictions for violent felonies, the district court found that the two 1979 convictions, along with the 1984 conviction, were sufficient to support the mandatory minimum sentence. To make the record complete for an appeal, however, the court also specifically found that the two 1977 convictions were validly obtained.
 
 
 15
 II. Analysis.
 
 
 16
 A. Burdens of Proof.
 
 
 17
 When the government seeks to use prior convictions to enhance a defendant's sentence, it has the initial burden of proving the fact of conviction. United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990); United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991). The defendant then has the burden of establishing the constitutional invalidity of the prior conviction by a preponderance of the evidence.[1] Newman, 912 F.2d at 1122; Carroll, 932 F.2d at 825. Here, the government met its burden of proving the fact of conviction for all of the burglaries. Thus, Harkey had the burden of proving the constitutional invalidity of the 1977 and 1979 burglary convictions by a preponderance of the evidence.
 
 
 18
 B. The 1979 Burglary Convictions.
 
 
 19
 Harkey challenges his 1979 convictions on the ground that his guilty plea was not voluntary and intelligent due to ineffective assistance of counsel, the emotional distress caused by the loss of his mother, and an insufficient dialogue with the state court. The voluntariness of a plea is reviewed de novo. Butcher, 926 F.2d at 817. Factual matters concerning the validity of a plea are reviewed for clear error. Id.
 
 
 20
 1. Ineffective Assistance of Counsel.
 
 
 21
 Ineffective assistance of counsel may render a guilty plea involuntary. United States v. Zweber, 913 F.2d 705, 712 (9th Cir.1990). To prove ineffective assistance of counsel, the defendant must show (1) that the representation was outside the wide range of professionally competent assistance, and (2) the deficient performance prejudiced the defense. Hill v. Lockhart, 474 U.S. 52 (1985); United States v. Signori, 844 F.2d 635, 638 (9th Cir.1988). The question of whether a defendant received ineffective assistance of counsel is reviewed de novo. United States v. Signori, 943 F.2d 1070, 1072 (9th Cir.1991).
 
 
 22
 Harkey claims that his former attorney failed to advise him on possible defenses, such as lack of intent due to the effect of drugs and alcohol, and failed to investigate the facts adequately. The evidence of ineffective assistance of counsel proffered by Harkey is insufficient to show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Since he failed to show prejudice, it is unnecessary for us to evaluate the competence of his counsel's actions.
 
 
 23
 2. Emotional Distress.
 
 
 24
 The district court found Harkey's claim that the emotional distress caused by his mother's death rendered him unable to enter a voluntary and intelligent plea not credible. We give special deference to a lower court's credibility findings. United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991). We find no reason to overturn the district court's determination that Harkey's guilty plea was not rendered involuntary due to the distress caused by his mother's death.
 
 
 25
 3. Dialogue With State Court.
 
 
 26
 Harkey also claims that his dialogue with the state court was insufficient to determine whether his guilty pleas were voluntary and intelligent. "[T]he propriety of a state court plea involving constitutional rights is measured by federal constitutional standards, not federal statutory requirements." Newman, 912 F.2d at 1123 (holding that Fed.R.Crim.P. 11 is not binding on a state court). To show that a guilty plea was voluntary and intelligent, a state court record must show that defendant voluntarily waived three rights: (1) the right to a jury trial, (2) the right to confront one's accusers at trial, and (3) the right against self-incrimination. Boykin v. Alabama, 395 U.S. 238 (1969); Butcher, 926 F.2d at 817; United States v. Graibe, 946 F.2d 1428, 1430 n. 1 (9th Cir.1991). A defendant must also understand the nature of charges to which he is pleading guilty and the possible consequences of a conviction. Newman, 912 F.2d at 1123.
 
 
 27
 Records of the 1979 plea proceedings reveal that Harkey was advised of his "Boykin rights" and entered his guilty pleas voluntarily. In addition, the factual predicate for the crimes and the consequences of guilty plea were fully established.[2] The fact that most of Harkey's responses to the court were brief and that he often merely agreed with what someone else had just stated is not sufficient to show his pleas were not voluntary and intelligent. When the record is examined as a whole, it is clear that Harkey revealed an understanding of the charges and a desire to plea guilty. He also signed statements acknowledging his guilt and waiving various rights. Thus, he did not show by a preponderance of the evidence that his 1979 guilty pleas were not voluntary and intelligent.
 
 
 28
 Since we hold that the two 1979 burglary convictions are constitutionally valid, the fifteen year sentence imposed by the district court must be sustained. The two 1979 convictions, along with the 1984 burglary conviction, require a fifteen year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Though we see no defects in the 1977 convictions either, we need not reach the question of whether they are constitutionally defective, because the 1979 and 1984 convictions suffice.
 
 
 29
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir. 34-4
 
 
 **
 Honorable David A. Exra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 If the record from prior plea proceedings is silent on a defendant's waiver of his rights to a jury trial, to confront witnesses against him, and to refuse to testify, then the burden shifts to government to prove that the waiver was voluntarily and knowingly made. United States v. Butcher, 926 F.2d 811, 817 (9th Cir.1991); United States v. Pricepaul, 540 F.2d 417, 423 (9th Cir.1976). Here, the record was not silent. It showed that Harkey waived his rights and understood the charges he faced. Thus, the burden did not shift to the government
 
 
 [2]
 Since a factual predicate was established in the state court records for both the 1977 and 1979 convictions, we do not have to resolve the question of whether a factual predicate is mandated in state court by the United States Constitution. See Newman, 912 F.2d at 1123 (noting that defendant failed to cite any authority that a factual predicate is required in state court by the Constitution)