985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick Lee MENEFEE, Defendant-Appellant.
 No. 92-50046.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 3, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederick L. Menefee appeals his sentence of 168 months, imposed for the second time under the United States Sentencing Guidelines (Guidelines or U.S.S.G.), following his guilty plea to three counts of unarmed bank robbery. We remanded this case in 1991 for an evidentiary hearing to determine whether Menefee's guilty pleas in two prior cases were voluntary and intelligent, in compliance with Boykin v. Alabama, 395 U.S. 238 (1969). In this, his second appeal, Menefee renews his claim that the district court erred by sentencing him as a career offender pursuant to U.S.S.G. § 4B1.1 because the government failed to establish the legality of his prior convictions.[1] We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 The government must prove by a preponderance of evidence any fact that the sentencing court would use to increase a defendant's criminal history score. United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990).[2] Once the government has shown the fact of conviction, "pursuant to U.S.S.G. § 4A1.2, Commentary No. 6 (effective Nov. 1, 1989), the defendant has the burden of establishing the constitutional invalidity of the prior conviction." United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991) (citation omitted).[3]
 
 
 4
 When the prior conviction is a number of years old and the record of the taking of the plea is silent, it may frequently occur that there will be no evidence available on compliance with the Boykin procedures other than the defendant's testimony and the custom of the trial court in taking pleas.
 
 
 5
 Goodheim, 686 F.2d at 777, quoting United States v. Pricepaul, 540 F.2d 417, 423 (9th Cir.1976). When the record is silent, the district court may hear evidence of the trial court's plea-taking practice, see, e.g., Goodheim, 686 F.2d at 777-78, or of counsel's practice in advising clients, see United States v. Freed, 703 F.2d 394, 395 (9th Cir.), cert. denied, 464 U.S. 839 (1983). When there is no transcript showing waiver, court records showing that a defendant waived his rights must be presumed correct, in the absence of other evidence. Carroll, 932 F.2d at 825.
 
 
 6
 Here, it was undisputed that the transcripts from both the 1971 and the 1975 plea hearings had been destroyed as a matter of routine. Because appellant does not contest the legality of a third conviction from 1981, we consider only the 1975 plea.
 
 
 7
 The government submitted a certified copy of the court minutes from appellant's change of plea hearing which reflects that Menefee personally waived his right to a jury trial, the privilege against self-incrimination and the right to cross-examine witnesses. In addition, the government submitted a transcript of his codefendant's plea hearing, conducted by the same judge and prosecutor several weeks after Menefee's change of plea.
 
 
 8
 At the hearing, Menefee testified that he recalled "every minute" of the 1975 proceeding. He stated that neither the superior court judge nor the deputy district attorney had told him anything about the rights he was waiving. This testimony contradicted the sworn statement he submitted in 1990, which said, "To the best of my recollection, the judge [in 1975] did not advise me of my right to a jury trial, my right to testify on my own behalf, my right to cross-examine witnesses or my right to subpoena witnesses" (AER 15).
 
 
 9
 Based on this evidence and the sentencing judge's personal knowledge of the state court judge and plea-taking procedures in the California courts, the district court concluded that Menefee was properly advised of and waived his rights before pleading guilty in 1975.
 
 
 10
 In light of the passage of 17 years and the absence of credible evidence undermining the reliability of the documents the government submitted, we uphold the district court's conclusion of constitutionality. See Carroll, 932 F.2d at 825; Newman, 912 F.2d at 1119.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Application of the career offender enhancement boosted Menefee's potential exposure under the Guidelines from 51 to 63 months' imprisonment to 168 to 210 months
 
 
 [2]
 Appellant argues that inferential evidence of the validity of his pleas must be measured against the clear and convincing standard, citing dictum in United States v. Goodheim, 686 F.2d 776 (1982). We have rejected this standard for Guidelines cases. Newman, 912 F.2d at 1122 n. 4
 
 
 [3]
 The 1990 amendments to the Sentencing Guidelines deleted the provision covering defendants' challenges to the validity of predicate offenses before the sentencing court. These amendments did not take effect until November 1, 1990, however. Menefee is entitled to avail himself of the Sentencing Guidelines provisions that were in effect at the time of his sentencing. Carroll, 932 F.2d at 825 n. 1 (9th Cir.1991); United States v. Mims, 928 F.2d 310, 312 n. 1 (9th Cir.1991)