988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert E. CRESWELL, Petitioner-Appellant,
v.
Wayne ESTELLE, Warden; James Gomez, Director, Respondents-Appellees.
 No. 92-55788.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-91-4239-KN; David V. Kenyon, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Edward Creswell, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his guilty plea conviction for residential burglary. Creswell contends that he was denied effective assistance of counsel at trial because his counsel failed to investigate properly the validity of two prior convictions that were used to enhance Creswell's sentence. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.
 
 
 3
 We review de novo the district court's denial of a petition for writ of habeas corpus. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 
 4
 "A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." United States v. Signori, 844 F.2d 635, 638 (9th Cir.1988). A defendant challenging a guilty plea based on ineffective assistance of counsel must demonstrate "both that his counsel's performance was deficient and that the deficient performance prejudiced his defense." Id.
 
 
 5
 Under California law, where prior felony convictions are used to enhance a defendant's sentence on a current charge, the defendant's admission of prior felony convictions is the functional equivalent of a guilty plea to a separate charge and "may not be accepted unless the defendant understands the consequences of the admission." Wright v. Craven, 461 F.2d 1109, 1109 (9th Cir.1972) (per curiam). "A guilty plea is an admission of each and every element required to establish the offense." United States v. Kidder, 869 F.2d 1328, 1332-33 (9th Cir.1989). In analyzing the validity of a conviction pursuant to a guilty plea, a defendant's waiver of his constitutional rights does not have to be explicit as long as the plea is voluntary and intelligent. United States v. Carroll, 932 F.2d 823, 824-25 (9th Cir.1991).
 
 
 6
 Here, Creswell pleaded guilty to one count of residential burglary and entered an admission to three prior felony convictions that were used to enhance his sentence. At the plea hearing, the district court conducted a thorough colloquy apprising Creswell of the rights he would be waiving by pleading guilty and the consequences of entering an admission to the three prior felony convictions. Creswell expressly waived his constitutional rights, pleaded guilty to the charge, and entered an admission to each of the three prior felony convictions.
 
 
 7
 Creswell contends he was denied effective assistance of counsel because his trial counsel failed to investigate properly the constitutional validity of two of his prior convictions before advising Creswell to enter his plea. Creswell claimed that he was uncounseled in his 1956 jury trial conviction and that he did not waive his constitutional rights in his 1981 guilty plea conviction. Nevertheless, court records indicate that Creswell was represented at his 1956 trial, without any objection from Creswell, by his co-defendant's counsel. In addition, the record for his 1981 conviction shows that Creswell was informed of his constitutional rights, and that he knowingly and voluntarily waived those rights and pleaded guilty to the charge.
 
 
 8
 Creswell knowingly and voluntarily entered a plea of guilty to the charge and an admission to the three prior felony convictions. See Carroll, 932 F.2d at 824-25. He was apprised of the effect the prior convictions would have on his sentence, and he expressly entered an admission as to their validity. See Kidder, 869 F.2d at 1332-33; Wright, 461 F.2d at 1109. Creswell has failed to show that his counsel's advice regarding the guilty plea and the admission of his prior convictions was deficient. See Signori, 844 F.2d at 638. He has also failed to show that even if the advice of his counsel was deficient, he would have been prejudiced by the deficiency. Id. Accordingly, we affirm the decision of the district court.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3