999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hai Van LO, Defendant-Appellant.
 No. 93-50022.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hai Van Lo appeals his ninety-five-month sentence imposed after a guilty plea to bank robbery in violation of 18 U.S.C. § 2113(a). Lo contends the district court erroneously calculated his criminal history score by relying in part on a 1991 state conviction which resulted from an invalid guilty plea. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the voluntariness of a guilty plea, while we review for clear error the district court's factual findings regarding the prior conviction. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990).
 
 
 4
 When the government seeks inclusion of a prior conviction for enhancement purposes, it must prove the fact of conviction. Id. at 1122; see also United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991). The burden then shifts to the defendant to show the constitutional invalidity of the prior conviction.[1] U.S.S.G. § 4A1.2, comment. (n. 6); Newman, 912 F.2d at 1122. This can be accomplished through the defendant's testimony, as well as the testimony of others, at an evidentiary hearing or through inferential evidence. Newman, 912 F.2d at 1122. Fed.R.Crim.P. 11 requirements "are not binding on a state court to the extent they are not grounded in the Constitution." Id. at 1123; accord Wilkins v. Erickson, 505 F.2d 761, 765 (9th Cir.1974) (no requirement that state defendant specifically waive each of his constitutional rights for valid guilty plea).
 
 
 5
 Here, the presentence report contained a recommendation that Lo receive one point for a 1991 hit and run conviction in which he pled guilty. At sentencing, on December 2, 1992, Lo argued the conviction was constitutionally invalid because the record was silent regarding the waiver of his constitutional rights. Lo introduced a docket sheet of the state court proceeding showing that: he was charged, among other things, with hit and run; he appeared pro se; he was advised of his constitutional rights; he pled guilty; and he was sentenced to forty days incarceration. Lo did not introduce any other evidence and declined to testify in his own behalf.
 
 
 6
 The record of the state court proceeding indicates that Lo entered a guilty plea before Judge Marjorie Laird Carter. As supporting evidence for the validity of the guilty plea, the government submitted a declaration by Judge Carter wherein she stated that it was her customary practice to advise a defendant of his constitutional rights and ensure that the rights are knowingly and voluntarily waived. Additionally, the Assistant United States attorney (AUSA) submitted a declaration of her conversation with Judge Carter. The AUSA declared that Judge Laird stated that it was her practice to ensure that a defendant waived all his constitutional rights, regardless of whether or not the appropriate box was checked on the docket sheet.
 
 
 7
 Based upon the docket sheet and the declarations, the district court found that Lo's plea was knowing and voluntary. We agree. On the basis of this record and in the absence of any evidence or specific testimony regarding Lo's alleged lack of understanding or waiver of his constitutional rights, the district court's finding was not clearly erroneous. See Newman, 912 F.2d at 1124; see also Wilkins, 505 F.2d at 765. Accordingly, the 1991 hit and run conviction was properly considered for purposes of calculating the criminal history score.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Relying on Boykin v. Alabama, 395 U.S. 238 (1969), Lo contends the government should be required to show the constitutional validity of the prior conviction. This contention is foreclosed by our decision in Newman. See Newman, 912 F.2d at 1122; see also Parke v. Raley, 113 S.Ct. 517, 523 (1992) (rejecting Boykin argument where recidivist defendant challenged validity of prior conviction used in collateral proceeding)