996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lorenzo ARREOLA-MACIAS, Defendant-Appellee.
 No. 92-10238.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided June 30, 1993.
As Amended on Grant of Rehearing Aug. 31, 1993.
 
 Before: POOLE, FERGUSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lorenzo Arreola-Macias (Arreola) appeals his sentence, contending that two of his prior convictions were unconstitutional and were therefore improperly included in calculating his criminal history category under the United States Sentencing Guidelines. We find that the district court considered Arreola's challenge to his prior convictions and found that Arreola failed to meet his burden to prove that they were constitutionally infirm. The district court did not clearly err in making these findings, and therefore we affirm.
 
 
 3
 Arreola was arrested on September 6, 1989 for his involvement in events which resulted in the shooting death of a United States Border Patrol agent. On November 6, 1990, Arreola pleaded guilty to charges of second degree murder of a federal officer, 18 U.S.C. §§ 1111, 1114, and use of a firearm in commission of a felony, 18 U.S.C. § 924(c).
 
 
 4
 On February 5, 1992, the district court made written findings of fact regarding Arreola's sentence. The district court stated the following:
 
 
 5
 Defendant attacks two of the defendant's prior convictions as being constitutionally infirm. Defendant's exhibits indicate a motion was filed in 1987 to seek a judicial determination to that effect. The decision of the court is not attached to defendant's exhibits.
 
 
 6
 The district court then stated that the burden was on the defendant to prove that the prior convictions were unconstitutional, and concluded "since this case is quite old, the failure of the defendant to meet his burden convinces the Court that he cannot do so." Arreola subsequently filed a declaration stating that the motion filed in his 1987 case was never ruled on because it had been withdrawn by his attorney.
 
 
 7
 At the sentencing hearing on March 2, 1992, Arreola's counsel argued that the 1984 and 1986 convictions were unconstitutional. The district court stated "that if a timely motion had been made, I would have looked at it." The government argued that the two prior convictions were not unconstitutional and that "the defense has not previously shown that these priors were precisely declared unconstitutional and invalid, and we are sure that the court found that they are valid." The district court interjected, "I have, counsel." The district court sentenced Arreola to 262 months for the second degree murder of a federal officer and 60 months for the use of a firearm in the commission of a felony, with the sentences to run consecutively.
 
 
 8
 Arreola argues that the district court failed to review his collateral attack on the constitutionality of his 1984 and 1986 prior convictions. We have held that the Constitution requires a defendant to be permitted to attempt to show that a prior conviction is unconstitutional before a court may rely on the conviction to increase the defendant's punishment. United States v. Vea-Gonzales, No. 91-30469, slip op. 7329, 7343 (9th Cir. July 13, 1993).
 
 
 9
 We find that the district court did consider Arreola's attack on his prior convictions. Initially, Arreola appeared to argue that the convictions ahd been found unconstitutional in a prior proceeding, thus some of the district court's statements refer to the absence of a prior finding of constitutional infirmity. It is clear from the district judge's remarks at sentencing, however, that he also found that Arreola had failed to meet his burden to prove that the two prior convictions were constitutionally infirm.
 
 
 10
 We cannot say that the district court's findings were clearly erroneous. Arreola has the burden of proving, by a preponderance of the evidence, that his prior convictions were constitutionally infirm. United States v. Newman, 912 F.2d 1119, 1122 (9th Cir. 1990). "A conviction is constitutionally invalid if the defendant pleads guilty without waiving his rights to jury trial, to confront the witnesses against him and to remain silent." United States v. Carroll, 932 F.2d 823, 824 (9th Cir. 1991).
 
 
 11
 Arreola contends that his 1984 conviction was unconstitutional because he entered a guilty plea without knowingly waiving his right to counsel. Arreola submits as evidence his plea form, on which he initialed that he knowingly, intelligently, and voluntarily waived his right to counsel, his right not to incriminate himself, his right to confront witnesses, and his right to a trial. The plea form also indicates that a Spanish interpreter translated the waiver requirements. Arreola also submits one page of transcript from the 1984 hearing and his own declaration, dated May 14, 1991, wherein he states that he could not hear the interpreter and did not understand that he had a right to an attorney. Arreola further states that he would have testified about the 1984 hearing had he been permitted to do so.
 
 
 12
 However, the district court is not required to allow the defendant to testify. See United States v. Vea-Gonzales, No. 91-30469, slip op. at 7345. Arreola was given the opportunity to argue the unconstitutionality of the prior conviction, and to submit all relevant evidence in his possession. The district court did not commit clear error in finding that Arreola failed to prove by a preponderance of the evidence that he did not knowingly waive his right to counsel.
 
 
 13
 As to his 1986 conviction, Arreola repeatedly mentions that he was not advised of the mandatory minimum sentence. Arreola's plea form indicates that he was represented by counsel, that he knowingly and intelligently waived his rights, and that he was advised of his sentence. Arreola presents no other evidence and makes no other allegations regarding his 1986 conviction. Thus we find that the district court did not clearly err in finding that Arreola failed to meet his burden to prove the 1984 conviction invalid.
 
 
 14
 AFFIRMED.
 
 
 15
 The petition for rehearing is granted.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3