19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Allen GRAY, Defendant-Appellant.
 No. 93-30276.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 16, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Allen Gray appeals his 63-month sentence imposed following a guilty plea to unarmed bank robbery in violation of 18 U.S.C. Sec. 2113(a). Gray contends the district court erred by: (1) relying on his 1989 California state conviction which allegedly resulted from an invalid guilty plea in his criminal history calculation; (2) adding three points instead of two points to his criminal history score for a 1991 California state sentence; and (3) refusing to depart downward from the applicable Guidelines range because his criminal history category VI overrepresented the seriousness of his criminal history. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 * 1989 Conviction
 
 
 4
 We review de novo the voluntariness of a guilty plea, while we review for clear error the district court's factual findings regarding the prior conviction. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990).
 
 
 5
 When the government seeks inclusion of a prior conviction in order to calculate the defendant's criminal history, it must prove the fact of conviction. Newman, 912 F.2d at 1122; see also United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991). The burden then shifts to the defendant to show the constitutional invalidity of the prior conviction. Newman, 912 F.2d at 1122. In collateral review, there is a presumption of regularity that attaches to state court proceedings. Parke v. Raley, 113 S.Ct. 517, 523 (1992).
 
 
 6
 Here, the presentence report recommended including Gray's uncounseled 1989 state drug conviction in the computation of his criminal history score. At sentencing, Gray testified that he did not remember waiving his right to assistance of counsel in the 1989 state proceeding. The minute order from the 1989 plea hearing, however, indicates that Gray was advised and waived his right to counsel. Gray presented no other evidence to show that the 1989 conviction was invalid.
 
 
 7
 Because Gray merely points to a silent record, he has failed to satisfy his burden of proving the constitutional invalidity of the 1989 conviction. See Parke, 113 S.Ct. at 524; Carroll, 932 F.2d at 825. Therefore, the district court did not clearly err by finding that Gray entered a knowing and voluntary plea and the court properly considered the 1989 conviction for purposes of computing the criminal history.
 
 II
 1991 Sentence
 
 8
 Gray contends the district court erred by assigning three criminal history points instead of two points for his 1991 two-year sentence because he served less than seven weeks in prison. We have previously considered and rejected this argument. See United States v. Schomburg, 929 F.2d 505, 507 (9th Cir.1990) (length of sentence is generally determined by the sentence imposed instead of time actually served).
 
 III
 Downward Departure
 
 9
 Finally, Gray contends the district court erred by refusing to depart downward from the applicable Guidelines range because his criminal history category of VI overrepresented the seriousness of his criminal history.
 
 
 10
 A district court's discretionary refusal to depart downward from the Guidelines is not reviewable on appeal. See United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 
 
 11
 Here, there is no indication in the record that the court's refusal to depart downward was anything but discretionary. We therefore decline to review this decision. See id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3