19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clyde A. CHARLES, Defendant-Appellant.
 Nos. 92-39487, 93-30008.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1993.
Decided Feb. 25, 1994.
 
 1
 Before: BROWNING, NORRIS, and O'SCANNLAIN, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 I. Collateral Attack.
 
 
 4
 "[T]he Constitution requires that defendants be given the opportunity to collaterally attack prior convictions which will be used against them at sentencing." United States v. Vea-Gonzalez, 999 F.2d 1326, 1333 (9th Cir.1993) (refusing to adopt the view of other circuits that district judges have discretion as to whether to permit a collateral attack on constitutional grounds). There is no authority for limiting the nature of the constitutional challenge.
 
 
 5
 II. Constitutionality of the state convictions.
 
 
 6
 We review the voluntariness of a guilty plea de novo. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990). We review whether a prior conviction is covered by the Sentencing Guidelines de novo and factual matters concerning the conviction for clear error. Id.
 
 
 7
 We presume prior convictions are valid. United States v. Mulloy, 3 F.3d 1337, 1339 (9th Cir.1993) (interpreting Parke v. Raley, 113 S.Ct. 517 (1992)). In a collateral attack, Charles has the burden of proving invalidity and cannot satisfy this burden merely by pointing to a silent or ambiguous record. Id.; Parke, 112 S.Ct. at 524 ("Boykin colloquies have been required for nearly a quarter-century. On collateral review, we think it defies logic to presume from the mere unavailability of a transcript ... that the defendant was not advised of his rights."). Parke creates only a presumption of regularity, however. An affirmative showing of invalidity overcomes the presumption and bars the use of the conviction for sentence enhancement. Mulloy, 3 F.3d at 1339-40.
 
 
 8
 Charles presented tapes and transcripts of the three plea hearings. The Government presented the testimony of the two attorneys who represented Charles that it was their normal practice to inform clients of their constitutional rights. The district court found all three convictions invalid because the judge failed to specifically articulate the Boykin rights being waived. See Boykin v. Alabama, 395 U.S. 238, 243 (1969). Yet, each waiver need not "be explicit as long as the plea was voluntary and intelligent." United States v. Carrol, 932 F.2d 823, 824-25 (9th Cir.1991) (citation and internal quotations omitted). We determine voluntariness by considering all the relevant circumstances surrounding the plea. Brady v. United States, 397 U.S. 742, 749 (1970). We conclude Charles met his burden of proving the unconstitutionality of the first conviction but failed to prove the unconstitutionality of either the second conviction or the third.
 
 
 9
 We agree with the district court that Charles offered sufficient evidence to overcome the presumption of validity of the first conviction. Charles had a tenth grade education. This was his first experience in court. The proceeding was cursory. The judge simply informed Charles of his right to a trial and his right to call witnesses in his own behalf. The judge failed to advise him of any other rights. The attorney who represented Charles testified he did not recall informing Charles of his rights but that it was his usual practice to do so. The district court noted, however, it was unclear whether counsel even recognized the distinction between the right to confront witnesses and the right to call witnesses. Furthermore, the judge failed to examine the voluntariness of the plea in light of law enforcement's promise of a lenient sentence and the government's agreement not to file a new indictment charging Charles with failure to appear for trial on this charge. Because the first plea was unconstitutional, the district court properly concluded neither the Armed Career Criminal Act nor the Armed Career Criminal Sentencing Guideline applies.
 
 
 10
 In contrast, the second and third plea hearings were not cursory. The judge advised Charles of his right to a jury or bench trial, right to require the state to prove his guilt beyond a reasonable doubt, right to cross-examine or question the witnesses called by the state, right to remain silent, right to be presumed innocent, and the right to call witnesses in his own behalf. Although the judge did not refer to the right to confront witnesses explicitly, the existence of this right was clearly implied. The judge questioned Charles about promises or agreements made by the prosecution. The judge explained the sentence including the effect of aggravating factors. Charles had prior experience with the legal system including previous plea hearings. Moreover, before the third plea hearing, Charles had experienced a jury trial. We disagree with the district court that Charles carried his burden of proving the invalidity of the second and third convictions.
 
 
 11
 We therefore reverse the district court's holding that the second and third convictions were unconstitutional. We vacate the sentence and remand for resentencing. We affirm the conviction for felon in possession of a firearm because we find the third conviction, which is the predicate felony offense, constitutionally valid.[1]
 
 
 12
 III. Sentencing factors.
 
 
 13
 We review the court's interpretation and application of the Sentencing Guidelines de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.1992). The district court's determination that it did not have the discretion to depart under the guidelines is reviewed de novo. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.1992).
 
 
 14
 Unconstitutional convictions may not be counted in calculating Charles' criminal history score, United States v. Guthrie, 931 F.2d 564, 570 (9th Cir.1991) (citing U.S.S.G. Sec. 4A1.2, comment. (n. 6) (1992)), or in determining the base offense level for unlawful possession of a firearm. See U.S.S.G. Sec. 2K2.1, comment. (n. 5). The court, however, is free to "decide whether the conduct underlying the [unconstitutional] conviction warrants an upward departure pursuant to section 4A1.3 because it provides "reliable information" regarding the defendant's criminal past." Guthrie, 931 F.2d at 573 (emphasis in the original); see U.S.S.G. Sec. 4A1.2, comment. (n. 6); U.S.S.G. Sec. 4A1.3. The guidelines prohibit a decrease in Charles' base offense level for the sporting use of a firearm because of his prior violent felony convictions. U.S.S.G. Sec. 2K2.1(b)(2).
 
 
 15
 The conviction is AFFIRMED. The sentence is VACATED and the case REMANDED FOR RESENTENCING.
 
 
 
 *
 The parties are familiar with the facts and legal arguments and we will not repeat them here. This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find the predicate felony conviction valid, we need not address Charles' claim that 18 U.S.C. Sec. 922(g) prohibits using as a predicate offense a conviction that has been held constitutionally invalid on collateral attack