29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Respondent,
v.
Derek ANDERSON, Defendant-Petitioner.
 No. 93-35025.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 6, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Derek Anderson, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion challenging his conviction following a guilty plea for distribution of cocaine in violation 21 U.S.C. Sec. 841(a)(1). Anderson contends that the superseding indictment is defective. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. We review the denial of a Sec. 2255 motion de novo. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1992). We affirm.[1]
 
 
 3
 Anderson contends that the superseding indictment is defective, and that the district court thus erred in denying his Sec. 2255 motion. This contention lacks merit.
 
 
 4
 Anderson's claim is based on the fact that the original superseding indictment signed by the jury foreperson was lost and does not appear in the court file. What appears in its place is an unsigned copy of the superseding indictment obtained from the United States Marshal's Office.
 
 
 5
 Anderson's co-defendant, Henry Young, raised the same claim with regard to the same superseding indictment in his Sec. 2255 motion, and this court affirmed the district court's order denying Young's motion. See United States v. Young, No. 93-35074, unpublished memorandum disposition (9th Cir. Dec. 1, 1993). We affirm the denial of Anderson's Sec. 2255 motion for same reasons given in Young. See id. There, this court rejected the argument, also raised here, that the copy of the superceding indictment in the record is deficient because it does not bear the jury foreperson's signature. See id.; see also Hobby v. United States, 468 U.S. 339, 345 (1984) (the absence of the jury foreperson's signature is a mere technical irregularity that is not necessarily fatal to the indictment). This court further stated that "although it is unfortunate that the original superseding indictment is missing from the record, we find no reason for vacating Young's conviction. In the absence of other evidence, the court record must be presumed to be correct." See Young, No. 93-35074, unpublished memorandum disposition (9th Cir. Dec. 1, 1993) ( citing United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991)). This court's conclusions in Young apply with equal force here. Accordingly, the district court did not err by denying Anderson's Sec. 2255 motion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government's request to supplement the record is denied as moot