[Crim. No. 16305. Second Dist., Div. Four. Feb. 18, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM C. RODGERS, JR., Defendant and Appellant.

**COUNSEL**

Josef Dubiel, Hugh M. Brenner and Phillip J. Catanzaro, Jr., under appointments by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Michael A. Heaman, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**FILES, P. J.**—Defendant was charged with grand theft of a 1961 Chevrolet automobile, in violation of section 487, subdivision 3, of the Penal Code, and with driving or taking an automobile without the consent of the owner, with the intent to deprive the owner of title or possession, in violation of section 10851 of the Vehicle Code.

The defendant waived trial by jury and submitted the issue for decision on the transcript of the preliminary hearing and his own testimony given at the trial. He was acquitted of grand theft but found guilty of violation of section 10851 of the Vehicle Code. The defendant's motion for a new trial on the ground of newly discovered evidence was denied. Proceedings were suspended and he was placed on probation for five years on condition that he serve 60 days in the county jail. He appeals from that order, which is a judgment for the purpose of appeal. The notice of appeal also refers to the order denying his motion for a new trial, which is not an appealable order.

The People's case rests mainly on the testimony of William Silver. He testified that he resided at 351 South Fuller Avenue, Los Angeles; that a 1961 Chevrolet, license NYH 013, belonged to his wife; that, on May 20, 1967 (Saturday), he parked it in a garage on Colgate Avenue in Park

LaBrea in Los Angeles (he was not sure of the street number); that the car was locked; and that when he returned on Monday morning it was gone.

Mrs. Silver did not testify, and her absence was not explained. There was no evidence of the whereabouts or activities of Mrs. Silver at any time, or what arrangements, if any, existed between the Silvers for the use of her car, or whether she or others had keys for the car, or whether the garage on Colgate Avenue belonged to him or her or both or neither. So far as the evidence shows, she could have given her consent to defendant's use of the car.

Defendant was arrested while driving the car on November 17, 1967.

The defendant, a truck driver, testified that the automobile in question had been loaned to him by a lady friend, a dancer, with whom he lived from February to September 1967, and that she had told him that she had been given the car to use by her friend, another dancer, while the latter was in the hospital.

Defendant testified that he indicated a willingness to buy the automobile and his friend said he could buy it, but that, several times, when he asked for the pink slip he was informed it could not be obtained before the car's owner was discharged from the hospital.

Defendant testified that he had been given two traffic tickets for moving violations while driving the car, one shortly after he commenced driving it and one in September, and that in September the officer "ran a make and the car came back clean." He also loaned the vehicle, on one occasion, to his son, a captain in the air force. The defendant had keys to the car.

Defendant's friend, the dancer, left for Las Vegas in September 1967. During their relationship from February to September she had on several occasions gone away for two or three weeks and returned. The defendant was apprehended on November 17, 1967, when an officer saw a passenger drinking beer in the car. A license check at that time revealed that the car had been reported stolen.

Defendant testified that, after his arrest, he had tried to find his friend locally and in Las Vegas, but without success.

Section 10851 of the Vehicle Code (as of May 20, 1967) read, in pertinent part: "Any person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with intent either permanently or temporarily to deprive the owner thereof of his title to or possession of the vehicle, whether with or without intent to steal the same . . . is guilty of a felony, . . ."

There is no question that defendant was driving a car not his own, and that if he did not have the owner's consent, an intent to deprive the owner of possession can be inferred. The issue is whether the evidence supports a finding that the driving was without the consent of the owner.

No cases have been found which pass squarely upon that issue as presented by the record at bench. The closest appears to be *People* v. *Bailey* (1969) 273 Cal.App.2d 99 [78 Cal.Rptr. 107], which actually decides only that certain inadmissible evidence was prejudicial. In that case Mrs. Edwards, the owner of a vehicle, testified at the preliminary examination that her car had been taken without her permission from the place she had parked it. Other witnesses established that a few hours after the taking the defendant had used that vehicle in a robbery and then abandoned it. Mrs. Edwards was absent from the state at the time of trial, so the transcript of her preliminary testimony was used. On appeal, the court held that it was error to receive the transcript in evidence, and that this error was prejudicial because "her testimony was the only evidence that she did not consent to the taking of her automobile." (273 Cal.App.2d at p. 108.)

The Attorney General invokes the rule that possession of a vehicle "under suspicious circumstances" will sustain a conviction. (See, e.g., *People* v. *Hopkins* (1963) 214 Cal.App.2d 487, 491 [29 Cal.Rptr. 636].) But the only conduct of the defendant which was established by the evidence was that he was driving a nonowned vehicle for some time. No conduct indicating consciousness of guilt was shown.

■ We think the language of Vehicle Code section 10851 places the burden on the People to show by direct or circumstantial evidence that the defendant lacked the consent of the owner. The case here lacks such evidence.

■ The purported appeal from the order denying a new trial is dismissed. The judgment is reversed.

Kingsley, J., and Dunn, J., concurred.