UNITED STATES of America,
Plaintiff–Appellee,

v.

Erwin Darrell NEWMAN,
Defendant–Appellant.

No. 89–50503.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 1990.

Decided Aug. 30, 1990.

Peter M. Horstman, Federal Public Defender; Carlton F. Gunn, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Robert L. Brosio, Robert R. Calo, Asst. U.S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before HUG, BOOCHEVER and BEEZER, Circuit Judges.

HUG, Circuit Judge:

Defendant-appellant Erwin Darrell Newman ("Newman") appeals his sentence under the Sentencing Guidelines. Under a plea agreement, Newman pled guilty to three of seven counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (1988), and the Government moved to dismiss the remaining four counts alleged in the indictment. Newman received a sentence of 72 months (6 years) incarceration and three years supervised release. On appeal, Newman contends the district court erred by including his 1978 unlawful taking of a motor vehicle conviction ("1978 conviction"), in violation of Cal.Veh.Code § 10851 (West Supp.1990), in the computation of his criminal history score under the Sentencing Guidelines. Newman argues his state guilty plea resulting in the 1978 conviction was not voluntary and intelligent under the standards pronounced in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and its progeny. We affirm.

## DISCUSSION

The sole issue on appeal is whether the three criminal history points from the 1978 conviction should have been included in Newman's criminal history category computation. *See* U.S.S.G. § 4A1.1(a), at 4.1 (Nov.1989).[1] The parties do not contest the offense level calculation of twenty points, including pertinent adjustments made in reaching this determination. Therefore, inclusion of the 1978 conviction results in a Sentencing Guidelines range of 63 to 78 months (based upon eleven criminal history points under Criminal History Category V). Exclusion of this conviction yields a Guidelines range of 51 to 63 months (based upon eight criminal history points under Criminal History Category IV). *See id.* Ch. 5, Part A, at 5.2 (sentencing table).

### I. *Burden of Proof*

The parties dispute the burden of proof. We have not previously addressed this issue within the specific context of considering a constitutional challenge to a prior conviction in the criminal history calculation and also within the general context of determining the criminal history score. Two related questions are raised: Which party has the burden? Under what quantum of proof is the burden satisfied?

In applying the Sentencing Guidelines here, the ultimate burden of proof in demonstrating the constitutional infirmity of the 1978 conviction lies with the defendant. This conclusion follows directly from the Sentencing Guidelines commentary noting: "Convictions which the *defendant shows* to have been constitutionally invalid may not be counted in the criminal history score." U.S.S.G. § 4A1.2 comment (n. 6), at 4.7 (Nov.1989) (emphasis added). Other circuits are in accord. *See United States v. Brown*, 899 F.2d 677, 679 (7th Cir.1990); *United States v. Davenport*, 884 F.2d 121, 124 (4th Cir.1989); *United States v. Dickens*, 879 F.2d 410, 411 (8th Cir.1989).

---

1. As noted in the Presentence Report, at 7, this prior conviction, which ultimately resulted in a two-year state prison sentence, was included pursuant to U.S.S.G. § 4A1.2(e)(1), at 4.6, as a prison sentence exceeding one year and one month and imposed within fifteen years of the commencement of the instant offense.

Moreover, the defendant, who participated in the earlier proceedings resulting in conviction, is often in the best position to challenge the conviction on constitutional grounds. Here, for example, the federal plaintiff was not a party to the contested state court proceedings.

It is also useful to consider similar treatment for *offense level* questions under the Sentencing Guidelines. We recently held the Government bears the burden of proof when seeking to raise the offense level while the defendant bears the burden in attempting to lower the offense level. *United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir.1990). However, because the Government "is initially invoking the court's power to incarcerate a person," the Government bears "the burden of proof for any fact that the sentencing court would find necessary to determine the base offense level." *Id.*

 Based upon each of the noted reasons, we adopt a framework for criminal history score issues which is parallel with our framework for offense level issues. Following this analogous approach, where the Government seeks the inclusion of the prior conviction in a criminal history score calculation, its proof of the fact of conviction would satisfy its initial burden. Then, pursuant to U.S.S.G. § 4A1.2 comment (n. 6) (Nov.1989), the defendant would have the burden to establish the constitutional invalidity of the prior conviction for purposes of determining the criminal history

category. This might be accomplished through several different means. The testimony of the defendant, as well as others, might be taken at an evidentiary hearing. *See, e.g., United States v. Goodheim*, 686 F.2d 776, 777–78 (9th Cir.1982) (considering whether plea was voluntary and intelligent).[2] Alternatively, given the passage of time or the nature of the state court records, inferential evidence may be necessary to present the constitutional issues. *See, e.g., United States v. Freed*, 703 F.2d 394, 395 (9th Cir.) (considering evidence of the trial court's plea-taking practice and of counsel's practice in advising clients), *cert. denied*, 464 U.S. 839, 104 S.Ct. 131, 78 L.Ed.2d 126 (1983); *Goodheim*, 686 F.2d at 777–78 (evidence of trial judge's practice).[3]

 Finally, we must decide what quantum of proof should be used for factual determinations. In *Howard*, 894 F.2d at 1090, we applied the "preponderance of the evidence" standard, which was consistent with *McMillan v. Pennsylvania*, 477 U.S. 79, 91–92, 106 S.Ct. 2411, 2418–19, 91 L.Ed.2d 67 (1986), and our own and other circuit authority. Given the rationale stated in *McMillan* and *Howard*, we see no reason to depart from this standard for purposes of the criminal history score issue before us. *See also United States v. Wilson*, 900 F.2d 1350, 1353–54 (9th Cir.1990) ("preponderance of evidence" standard does not violate Due Process Clause).[4]

2. Newman, through his counsel, declined the district court's invitation to testify by asserting his Fifth Amendment privilege against self-incrimination.

3. Newman contends the burden of proof should shift to the Government, relying in part on *United States v. Pricepaul*, 540 F.2d 417 (9th Cir. 1976). In *Pricepaul*, 540 F.2d at 424, we held that the defendant satisfied his burden by introducing the state court record of his conviction and pointing to the "silent record" on the *Boykin* waivers. *Pricepaul* made clear that such a silent record did not mandate automatic reversal. *Id.* at 422. Instead, this showing by the defendant shifted the burden to the Government to establish the constitutional validity of the state plea-taking procedure. *Id.* at 423–24.

For the reasons stated in the text, for purposes of the Sentencing Guidelines we do not

find *Pricepaul* controlling. Moreover, as noted in the next section, we do not find that Newman met his burden to even warrant a shifting of the burden to the Government here.

4. Newman alludes to a clear and convincing standard to establish that the plea was intelligent and voluntary, citing *Goodheim*, 686 F.2d at 777. *Goodheim* is inapposite. First, and most importantly, *Goodheim* predated the Sentencing Guidelines and therefore could not take into account the rationale of *McMillan* and circuit case law discussed in *Howard*, 894 F.2d at 1090. Second, this higher standard was limited to cases of inferential evidence, such as consideration of the custom of the state trial court in taking pleas. As the parties acknowledge, no extrinsic evidence has been offered here. Finally, this suggested standard was dictum.

## II. *Application*

Here, as the parties agree, there is no extrinsic evidence. On the question of whether his plea was voluntary and intelligent, Newman has only introduced the 1978 state court transcript. *See Wilkins v. Erickson*, 505 F.2d 761, 764 (9th Cir.1974) (state record alone may be sufficient to determine whether *Boykin* rights were satisfied). Newman argues that he sustained his burden of proof by submitting this state plea-taking transcript and noting the absence in the record that he affirmatively understood the critical elements of his state conviction.

As a general matter, a guilty plea not only results in waiver of the right to a jury trial, the right to confront one's accusers and the privilege against compulsory self-incrimination, but also is an admission of guilt to the substantive crime. *Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712 (state court plea); *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989) (Rule 11 plea). A voluntary plea therefore requires "real notice of the true nature of the charge." *Marshall v. Lonberger*, 459 U.S. 422, 436, 103 S.Ct. 843, 851, 74 L.Ed.2d 646 (1983) (citation omitted). Therefore, an involuntary plea may result where "the accused does not understand the nature of the constitutional protections that he is waiving, or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 2257 n. 13, 49 L.Ed.2d 108 (1976) (citation omitted).

The district court found in considering, as a whole, the transcript and his prior experience as a California Superior Court judge, that Newman's plea was voluntary and intelligent. The voluntariness of a guilty plea is a question of law reviewed *de novo*. *Marshall*, 459 U.S. at 431, 103 S.Ct. at 849; *Hayes v. Kincheloe*, 784 F.2d 1434, 1436 (9th Cir.1986), *cert. denied*, 484 U.S. 871, 108 S.Ct. 198, 98 L.Ed.2d 150 (1987). Whether a prior conviction is covered under the Sentencing Guidelines is also reviewed *de novo*, while factual matters concerning the prior conviction are reviewed for clear error. *United States v. Gross*, 897 F.2d 414, 416 (9th Cir.1990).

Newman first contends the state court failed to establish the factual basis for his plea as mandated under Fed.R. Crim.P. 11(c)(1). However, the propriety of the state court plea involving constitutional rights is measured under federal constitutional standards, not federal statutory requirements. Therefore, not all of the federal requirements in the plea-taking process are imposed on state courts. While Rule 11 sets forth the requirements for the entering of a plea in federal court, these requirements are not binding on a state court to the extent they are not grounded in the Constitution. *Wilkins*, 505 F.2d at 765. For this reason, we find Newman's argument misplaced. *Cf. Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir.1986); *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir.1983) (citing other circuit authorities). Newman fails to cite any authority that such a factual predicate on the record, although good and common practice, is mandated in state court by the Constitution. It is not that a factual basis is always required in state court but that the factual basis at the plea hearing may serve to indicate the knowing and voluntary nature of the plea. Further, Newman's case law relying on requirements under Rule 11 is not directly applicable to the proceedings in the state court.

Newman also argues his plea was not voluntary and intelligent as demonstrated by the silent record in the state transcript. The district court found the record was not necessarily silent but merely not as complete as it could be. By way of comparison, this is not a case of a totally "silent record" as found in *Boykin*, 395 U.S. at 239, 243, 89 S.Ct. at 1710, 1712 (noting the defendant did not address the state court, "the judge asked no questions of petitioner concerning his plea," and finding reversible error where "[w]e cannot presume a waiver of these three important federal rights from a silent record"), or *United States v. Pricepaul*, 540 F.2d 417, 419 (9th Cir.1976) (record consisting solely of minute order of state plea hearing). For

example, Newman does not argue that there is a silent record on his knowing and voluntary waiver of the three constitutional rights specified in *Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712 (noting a guilty plea waives the privilege against compulsory self-incrimination, the right to a jury trial, and the right to confront one's accusers). The state transcript reveals that each of these constitutional rights was affirmatively, knowingly and voluntarily waived.

Instead, the gravamen of Newman's appeal is that his plea was not knowing and voluntary, as required by due process, because the state record is silent on two critical elements of his offense, specific intent to deprive the owner of his automobile and the lack of the owner's consent. *People v. Rodgers*, 4 Cal.App.3d 531, 534, 84 Cal.Rptr. 288, 290 (Cal.Ct.App.1970) (lack of owner's consent); *People v. Brown*, 1 Cal.App.3d 161, 164, 81 Cal.Rptr. 401, 403 (Cal.Ct.App.1969) (intent).[5]

■ The Supreme Court has assumed, without deciding, that notice of every element of the offense on the record is *not* required. *Henderson*, 426 U.S. at 647 n. 18, 96 S.Ct. at 2258 n. 18. *See also Sober v. Crist*, 644 F.2d 807, 809 (9th Cir.1981) ("The record *need not* necessarily *show* that *every element* of the crime was explained in detail to defendant, but it will normally show an explanation of the charge by the judge or a representation by counsel that he explained it....") (emphasis added).[6] However, the Supreme Court found a guilty plea to second degree murder to be involuntary where a district court expressly found that the critical element of intent was not explained to a state defen-

dant with an unusually low mental capacity. *See Henderson*, 426 U.S. at 640 n. 6 & 647, 96 S.Ct. at 2255 n. 6 & 2258.

■ On the record before us, we are convinced that Newman was adequately apprised of the nature of the charge to which he pled guilty. This case is unlike *Henderson*, as there is no finding that Newman had an unusually low mental capacity. Furthermore, Newman had a prior criminal history on related automobile offenses noted in the presentence report. Newman was also represented by defense counsel at the state plea hearing and indicated he had spoken with his counsel concerning the plea. Further, Newman's plea resulted after the information against him was amended from grand theft auto to the lesser included offense to which he pled. Newman conceded that the elements of the greater offense were explained to him at a prior state preliminary hearing. In the absence of any specific testimony or other evidence concerning Newman's lack of understanding, these facts strongly indicate that Newman was fully aware of the elements of this lesser included offense. We therefore conclude Newman has not satisfied his burden by a preponderance of the evidence where the state record clearly shows that his *Boykin* rights were properly canvassed although each element of the offense was not expressly stated on the record.

AFFIRMED.

---

**5.** Cal.Veh.Code § 10851(a) (West Supp.1990) provides in pertinent part:

> Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily to deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, [is subject to criminal penalties].

**6.** Newman suggests it is an open question whether a state court must establish on the record each of the elements of the offense in a plea hearing, citing *Hayes*, 784 F.2d at 1439 n. 4. However, this position overlooks those instanc-

es where the so-called *Henderson* presumption applies in the absence of such a record. *See, e.g., Marshall*, 459 U.S. at 437, 103 S.Ct. at 852. Again, it is good practice to have a full plea-taking record including each of the elements of the crime, but it has not been shown to be a constitutional requirement to be applied in state courts. For this reason, this case is distinguishable from *United States v. Bigman*, 906 F.2d 392, 394 (9th Cir.1990). Unlike the case before us involving a state court record, *Bigman* was governed by Rule 11 standards, under which we were "unable to conclude with certainty that Bigman in fact was apprised of the intent element of the crime to which he pleaded guilty." *Id.*