976 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
John Steven TURNER, Defendant-Appellant.
 No. 90-50477.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 17, 1992.*
Decided Sept. 23, 1992.
 
 1
 Before TANG and CYNTHIA HOLCOMB HALL, Circuit Judges, and JENSEN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 John Steven Turner appeals the sentence from his conviction for armed bank robbery in violation of 18 U.S.C. § 2113(a)(d). The district court found that appellant was a career offender and sentenced him to 210 months imprisonment followed by five years of supervised release.
 
 
 4
 We affirm.
 
 
 5
 Appellant contends that the district court erred in considering his 1976 robbery conviction for purposes of sentencing as a career offender. Appellant argues that the prior conviction is constitutionally invalid because the record does not establish that appellant was advised of his constitutional rights before entering a plea of guilty.
 
 
 6
 We review the voluntariness of a guilty plea de novo but review factual matters concerning the prior conviction for clear error. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990).
 
 
 7
 Once the government proves the fact of conviction, the defendant bears the burden of proving by a preponderance of the evidence that the prior conviction is constitutionally invalid. See Newman, 912 F.2d at 1122. In this case, the only evidence presented by appellant was the minute order entered at the time of his plea which recorded the fact that he had waived the right to counsel, but which was silent as to the waiver of other rights. Appellant did not file a declaration on his own behalf indicating whether or not he had been advised of his rights prior to pleading guilty. The state court judge who accepted appellant's plea of guilty, and the prosecutor assigned to his court, provided statements that the judge, as a matter of consistent practice, had advised criminal defendants of their constitutional rights in each case a plea was entered. Such inferential evidence may be considered by the sentencing court on the issue of the validity of a prior conviction. See Newman, 912 F.2d at 1122. On this record, we hold that the district court's finding that appellant failed to establish the invalidity of his prior conviction was not clearly erroneous.
 
 
 8
 Appellant also contends that the 1976 robbery conviction did not constitute a "crime of violence" for purposes of sentencing as a career offender. The robbery statute under which appellant was convicted in 1976 is essentially indistinguishable from California's robbery statute (Cal.Penal Code § 211). In United States v. McDougherty, 920 F.2d 569, 573 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991), we held that, as a matter of law, robbery under California's statute constitutes a "crime of violence" for purposes of sentencing as a career offender. Accordingly, we hold that the district court did not err in considering appellant's robbery conviction as a "crime of violence" for purposes of sentencing as a career offender.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 The Honorable D. Lowell Jensen, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3