983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David RODRIGUES-SALINAS, Defendant-Appellant.
 No. 92-30251.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Rodrigues-Salinas appeals his 84-month sentence under the United States Sentencing Guidelines, imposed following a guilty plea, for being a deported alien found in the United States in violation 8 U.S.C. § 1326. Rodrigues-Salinas contends that the district court erroneously calculated his criminal history score. Specifically, he argues that the district court relied on a prior conviction which resulted from an invalid guilty plea. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the voluntariness of a guilty plea, while we review for clear error the district court's factual findings regarding the prior conviction. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990).
 
 
 4
 When the government seeks the inclusion of a prior conviction in a criminal history score computation, it must prove the fact of conviction. Id. at 1122; see also United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991). The Guidelines then require the defendant to show the constitutional invalidity of the prior conviction. U.S.S.G. § 4A1.2, comment. (n. 6) (1991); Newman, 912 F.2d at 1122. This can be accomplished through the defendant's testimony, as well as the testimony of others, at an evidentiary hearing or through inferential evidence. Newman, 912 F.2d at 1122; see also Carroll, 932 F.2d at 825 (remand required where defendant challenged inclusion of prior state conviction in his criminal history score because the record was silent regarding the waiver of constitutional rights and the district court failed to conduct a hearing on the issue).
 
 
 5
 Here, the presentence report contained a recommendation that Rodrigues-Salinas receive one point for a 1987 theft conviction in which he pled guilty.[1] At sentencing, on June 12, 1992, defense counsel argued that the conviction was constitutionally invalid because the record did not establish the exact constitutional rights of which Rodrigues-Salinas was advised and was silent on the waiver of right to counsel. Rodrigues-Salinas introduced a docket sheet of the state court proceeding showing that: he was charged with shoplifting; he appeared pro se; he was advised of his rights; he pled guilty; and he was sentenced to 90 days incarceration with 80 days suspended. Rodrigues-Salinas did not introduce any other evidence. The district court found that Rodrigues-Salinas failed to show that the prior conviction was constitutionally invalid.
 
 
 6
 Based on this record, we hold that the district court's finding was not clearly erroneous. See Newman, 912 F.2d at 1124; cf. Carroll, 932 F.2d at 825. Accordingly, the 1987 theft conviction was properly considered for purposes of criminal history.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The inclusion of this conviction raised Rodrigues-Salinas' criminal history score from twelve (criminal history category V) to thirteen (criminal history category VI). Based on an offense level of 22 and criminal history category of VI, the applicable sentencing range was 84 to 105 months imprisonment. See U.S.S.G. § 5A (1991). Exclusion of the theft conviction would have resulted in a sentencing range of 77 to 96 months imprisonment. See id