990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andrew Frank LAVIGUER, Defendant-Appellant.
 No. 92-30282.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 18, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrew Frank Laviguer appeals the 180-month sentence imposed after his guilty plea to bank robbery in violation of 18 U.S.C. § 2113(a). Laviguer contends that the district court erroneously classified him as a "career offender" by relying in part on a 1986 state robbery conviction which resulted from an invalid guilty plea. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the voluntariness of a guilty plea, while we review for clear error the district court's factual findings regarding the prior conviction. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990).
 
 
 4
 When the government seeks inclusion of a prior conviction for enhancement purposes, it must prove the fact of conviction. Id. at 1122; see also United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991). The burden then shifts to the defendant to show the constitutional invalidity of the prior conviction. U.S.S.G. § 4A1.2, comment. (n. 6); Newman, 912 F.2d at 1122.[1] This can be accomplished through the defendant's testimony, as well as the testimony of others, at an evidentiary hearing or through inferential evidence. Newman, 912 F.2d at 1122. Fed.R.Crim.P. 11 requirements "are not binding on a state court to the extent they are not grounded in the Constitution." Id. at 1123; accord Wilkins v. Erickson, 505 F.2d 761, 765 (9th Cir.1974) (no requirement that state court advise defendant of all his constitutional rights for valid guilty plea).
 
 
 5
 Here, Laviguer introduced a guilty plea transcript of his 1986 Oregon state robbery conviction. The transcript reveals that: (1) Laviguer was represented by counsel; (2) the state court advised Laviguer of the charge; (3) defense counsel submitted a plea petition in which Laviguer waived his constitutional rights; (4) the court asked Laviguer if he understood the plea petition; (5) Laviguer answered "yes;" (6) the court stated the maximum possible sentence; and (7) Laviguer described the actions which constituted the factual basis. Additionally, the government submitted a copy of the plea petition which was signed by both Laviguer and his state counsel.
 
 
 6
 At sentencing, Laviguer argued that the 1986 conviction resulted from an involuntary plea because the state court failed to inquire whether he understood his constitutional rights by advising him of them on the record. Based upon the transcript, the plea petition, and Laviguer's four prior convictions, including a robbery conviction just six months before the contested plea, the district court found that Laviguer's plea was knowing and voluntary. We agree.
 
 
 7
 On the basis of this record and in the absence of any evidence or specific testimony regarding Laviguer's alleged lack of understanding, the district court's finding that he knowingly and voluntarily pled guilty was not clearly erroneous. See Newman, 912 F.2d at 1124; Wilkins, 505 F.2d at 765. Accordingly, the 1986 robbery conviction was properly considered for purposes of career offender status.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Laviguer's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government appears to contend that the 1990 amendment to section 4A1.2, comment. (n. 6) precluded the district court from reviewing the validity of the contested plea because Laviguer failed to show that the plea had been previously ruled constitutionally invalid. We have recently considered this contention and rejected it. See United States v. Jesus Vea-Gonzales, No. 91-30469, slip op. 1329, 1342 (9th Cir. Feb. 22, 1993) ("[T]he Constitution requires that defendants be given the opportunity to collaterally attack prior convictions which will be used against them at sentencing.")