990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John KELLY, Defendant-Appellant.
 No. 92-10077.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1993.*
Decided March 26, 1993.
 
 Before: NORRIS, HALL, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Kelly pled guilty to bank robbery. 18 U.S.C. § 2113(a). He was sentenced as a career offender under U.S.S.G. § 4B1.1. Before sentencing him, the district court considered his assertion that a California state court conviction for assault with a deadly weapon was not constitutional because it was based upon a guilty plea which was not knowing and voluntary. The district court found against him on that issue and he appealed. We affirm.
 
 
 3
 At the outset, the government claims that collateral attacks on prior convictions cannot be mounted at sentencing, even if those attacks are based on constitutional grounds. It cites U.S.S.G. § 4A1.2 Note 6. We need not consider this argument because it was not raised in the district court. See United States v. Brackeen, 969 F.2d 827, 829 n. 1 (9th Cir.1992) (en banc); United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990). At any rate, we have recently rejected the government's position. United States v. Vea-Gonzales, No. 91-30469, slip op. 1329, 1342 (9th Cir. Feb. 22, 1993). Thus, we turn to the merits.
 
 
 4
 In this case, it is undisputed that the government proved the fact of Kelly's state court conviction. At that point the burden of persuading the court that the conviction was unconstitutional shifted to Kelly. See United States v. Newman, 912 F.2d 1119, 1121-22 (9th Cir.1990); see also United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991). He did not carry that burden.
 
 
 5
 All Kelly showed was that the state court did not place the facts of the case and the elements of the offense on the record. However, state courts are not required to do either of those things. Newman, 912 F.2d at 1123. Furthermore, the state court did receive the representations of counsel, in Kelly's presence, that he had advised Kelly of the law and discussed the elements of the charge and possible defenses. Kelly acknowledged that those statements were true. The state court also said that it had discussed the facts of the case with both counsel, that there was a factual basis for the plea, and that the plea was knowing and voluntary. Kelly did not demur.
 
 
 6
 With no more evidence than that before it,[1] the district court did not err when it decided that the plea was voluntary and intelligent. See Newman, 912 F.2d at 1123-24.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not overlook Kelly's claim that his two victims could not be distinguished as far as his assault upon them was concerned. That assertion, however, is not supported by the record