1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Blaine BOSWELL,
aka: Ronald Blayne Boswell;
aka: Ron Blaine Broswell;
aka: Ron Blayne Boswell;
aka: Larry Brown;
aka: King Diamond, Defendant-Appellant.
 Nos. 92-50495, 92-50496.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1993.
Decided July 30, 1993.
 
 Before FLETCHER, POOLE and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 A jury convicted Ronald Blaine Boswell of six counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a). The district court sentenced Boswell to six concurrent prison terms of 210 months. Boswell appeals his convictions, contending that at trial the district court erroneously admitted evidence derived from an allegedly tainted photospread. Boswell also appeals his sentence, contending that a prior state court conviction used in computing his criminal history was unconstitutionally obtained. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 ADMISSIBILITY OF THE PHOTOSPREAD
 
 3
 Boswell was apprehended as he fled the scene of a bank robbery on November 22, 1991. FBI Special Agent Riedel questioned Boswell after his arrest. Riedel obtained a waiver of Boswell's Miranda rights, and Boswell confessed to robbing six banks. Riedel then placed Boswell's picture in a six-person photospread. Witnesses to five of the six robberies selected Boswell from the photospread, and at trial each witness identified Boswell as the bank robber.
 
 
 4
 Before trial, Boswell moved to suppress his confession. The district court granted the motion on the ground that Boswell did not competently waive his Miranda rights. Boswell also moved to suppress the photospread and any resulting in-court identifications as fruits of the tainted confession, relying on the exclusionary rule announced in Wong Sun v. United States, 371 U.S. 471 (1963). The district court denied this motion. Boswell challenges this ruling.
 
 
 5
 We will uphold the district court's findings of fact in a suppression hearing unless they are clearly erroneous. United States v. Echegoyen, 799 F.2d 1271, 1277 (9th Cir.1986). We review de novo the question whether evidence derived from police misconduct is so tainted that suppression is required. See United States v. Johns, 891 F.2d 243, 244 (9th Cir.1989).
 
 
 6
 The government contends the photospread would have been prepared regardless of whether Boswell had confessed. Boswell argues he could not have been a suspect in the first five robberies without his confession, because witnesses' descriptions of the robber varied tremendously. The FBI, however, had clear surveillance photos from four of the previous robberies showing Boswell's face. The six robberies, all of branches of the same bank, were committed within a span of twenty-four days between October 30, 1991 and November 22, 1991. Additionally, the same modus operandi used in the first five robberies was used in the sixth, where Boswell was caught red-handed. Finally, Agent Riedel testified that he would have prepared the photospread regardless of whether Boswell had confessed.
 
 
 7
 Based on this evidence, we conclude that the photospread was not the product of the confession. The exclusionary rule has no application where the government learned of the challenged evidence, in this case Boswell's connection to the first five robberies, from an " 'independent source.' " Segura v. United States, 468 U.S. 796, 805 (1984) (quoting Wong Sun, 371 U.S. at 487). The district court did not err in denying Boswell's motion to suppress the photospread and in-court identifications.
 
 
 8
 CONSTITUTIONALITY OF BOSWELL'S STATE CONVICTION
 
 
 9
 The district court determined that Boswell was a career offender under the United States Sentencing Guidelines. U.S.S.G. Sec. 4B1.1. In doing so, the district court included in Boswell's criminal history a 1989 narcotics conviction in California. Boswell contends that this conviction was obtained in violation of his constitutional rights, and should not be counted in his criminal history. See U.S.S.G. Sec. 4A1.2, comment. (n. 6).
 
 
 10
 The district court held a hearing to consider Boswell's collateral attack on the 1989 conviction. Boswell asserted that in 1989 he was not competent to enter a guilty plea in state court, in violation of the standard set forth in Boykin v. Alabama, 395 U.S. 238 (1969). As evidence of his incompetence in 1989, Boswell introduced the transcript of his 1989 plea hearing and testimony by a psychiatrist who had examined Boswell before his 1992 federal trial. The psychiatrist opined that Boswell lacked sufficient mental faculties to have competently pleaded guilty to the 1989 narcotics charges.
 
 
 11
 The district court determined that the 1989 plea satisfied Boykin. The district court found that the psychiatrist's conclusions, based on an examination three years after the fact, were too speculative to be probative. The court also concluded there was nothing brought to the attention of the state judge who accepted Boswell's 1989 plea to suggest to the court that Boswell was not competent to enter his guilty plea at that time.
 
 
 12
 We review de novo the district court's determination that a prior guilty plea in state court is constitutionally valid. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990). Factual matters concerning the prior conviction are reviewed for clear error. Id.
 
 
 13
 We have carefully reviewed the transcript of the 1989 plea hearing. The transcript shows Boswell waived his rights to a jury trial, to a court trial, to confront and cross-examine witnesses, and against self-incrimination. Boswell also affirmed that he understood he was being charged with "assisting somebody in selling rock cocaine." There was no Boykin violation.
 
 
 14
 Boswell contends that even if he was fully apprised of his Boykin rights, he could not understand them and thus could not competently waive them. We reject this argument. Nothing in the transcript of Boswell's 1989 plea hearing suggests he was confused or did not understand the proceedings or the significance of the waiver of his Boykin rights. Moreover, the state court specifically found that he was mentally competent to enter his plea. The state court judge in 1989 was better situated than the psychiatrist in 1992 to evaluate Boswell's 1989 competence. The 1989 conviction was properly used in computing Boswell's criminal history.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3