8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel A. CONTRERAS, Defendant-Appellant.
 No. 93-10185.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 20, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel A. Contreras appeals his 188-month sentence imposed following his guilty plea to armed bank robbery in violation of 18 U.S.C. § 2113(a), (d). Contreras argues that the district court erred by sentencing him as a career offender pursuant to U.S.S.G. § 4B1.1 because the court considered his 1980 California state conviction which resulted from an invalid guilty plea. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the voluntariness of a guilty plea, while we review for clear error the district court's factual findings regarding the prior conviction. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990).
 
 
 4
 When the government seeks inclusion of a prior conviction for enhancement purposes, it must prove the fact of conviction. Id. at 1122; see also United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991). The burden then shifts to the defendant to show the constitutional invalidity of the prior conviction. U.S.S.G. § 4A1.2, comment. (n. 6); Newman, 912 F.2d at 1122. This can be accomplished through the defendant's testimony, as well as the testimony of others, at an evidentiary hearing or through inferential evidence. Newman, 912 F.2d at 1122.
 
 
 5
 Further, the "presumption of invalidity" of a prior conviction arising from a silent record is not applicable on collateral review. Parke v. Raley, 113 S.Ct. 517, 523-24 (1992); United States v. Mulloy, No. 92-30451, slip op. 9463, 9466-67 & n. 2 (9th Cir. Sept. 2, 1993). Thus, if no transcript of a guilty plea proceeding is available, a sentencing court may presume that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained unless the defendant can prove that the conviction was invalid. Parke 113 S.Ct. at 524; Mulloy, slip op. at 9467-68.
 
 
 6
 Here, the presentence report recommended sentencing Contreras as a career offender under U.S.S.G. 4B1.1 based upon two prior felony convictions. Contreras challenges the district court's consideration of one of these convictions, his 1980 state court conviction for armed robbery.
 
 
 7
 Contreras acknowledges that the guilty plea transcript was destroyed by the state court prior to the initiation of the present case. Contreras nevertheless argues that the record of the 1980 conviction does not reveal that he voluntarily waived his right to a jury trial, right to confront his accusers, and his privilege against compulsory self-incrimination. Contreras also filed a declaration stating that he does not remember whether the state court judge advised him of his constitutional rights or asked him if he knew of the nature of the charges he would be pleading guilty to. The minute order from the 1980 plea hearing, however, states: "Defendant waives his rights following examination of him by the court." Contreras presented no other evidence to show that the 1980 conviction was invalid.
 
 
 8
 Because Contreras merely points to a silent record, he has failed to satisfy his burden of proving the constitutional invalidity of the 1980 conviction. See Mulloy, slip op. at 9467; Newman, 912 F.2d at 1121. Thus, the district did not clearly err by finding that Contreras entered a knowing and voluntary plea, and the court properly considered the resulting 1980 conviction for career offender purposes.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find no error in the district court's consideration of Contreras' prior state court conviction we need not address Contreras' argument that the district court erred by taking judicial notice of the fact the state court judge was an "experienced judge at the time."