8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arturo MERCADO-MEJIA, Defendant-Appellant.
 No. 93-50172.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 20, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arturo Mercado-Mejia appeals his 60-month sentence, following a guilty plea, for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a), (b)(1). Mercado-Mejia argues that the district court erroneously calculated his offense level by relying on a 1991 Oregon state conviction which resulted from an invalid guilty plea. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the voluntariness of a guilty plea, while we review for clear error the district court's factual findings regarding the prior conviction. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990).
 
 
 4
 When the government seeks inclusion of a prior conviction for enhancement purposes, it must prove the fact of conviction. Id. at 1122; see also United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991). The burden then shifts to the defendant to show the constitutional invalidity of the prior conviction. U.S.S.G. § 4A1.2, comment. (n. 6); Newman, 912 F.2d at 1122. This can be accomplished through the defendant's testimony, as well as the testimony of others, at an evidentiary hearing or through inferential evidence. Newman, 912 F.2d at 1122. Fed.R.Crim.P. 11 requirements "are not binding on a state court to the extent they are not grounded in the Constitution." Id. at 1123; accord Wilkins v. Erickson, 505 F.2d 761, 765 (9th Cir.1974) (no requirement that state defendant specifically waive each of his constitutional rights for valid guilty plea).
 
 
 5
 Here, the presentence report contained a recommendation that Mercado-Mejia's base offense level be increased an additional sixteen levels based upon a 1991 state drug conviction in which he pled guilty. At sentencing on the current offense, Mercado-Mejia argued that the prior conviction resulted from an involuntary plea because the state court failed to advise him of his right to a bench trial, to assistance of counsel throughout a trial, and to appeal. Mercado-Mejia introduced a guilty plea transcript of his 1991 conviction. The transcript reveals that: he was charged with delivery of a controlled substance; he was represented by counsel; he was provided with an interpreter; the court stated the maximum possible sentence; he was advised of his constitutional rights; state counsel submitted a plea petition in which Mercado-Mejia waived his constitutional rights; the court asked Mercado-Mejia if he understood the plea petition; Mercado-Mejia answered "yes"; and state counsel stated there was a factual basis for the plea. Additionally, the plea petition was signed by both Mercado-Mejia and his state counsel.
 
 
 6
 Based upon the transcript and the plea petition, the district court found that Mercado-Mejia's plea was knowing and voluntary. We agree. Initially, we note that there is no constitutional right to appeal. See United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). On the record before us and in the absence of any evidence or specific testimony regarding Mercado-Mejia's alleged lack of understanding, the district court's finding was not clearly erroneous. See Newman, 912 F.2d at 1124; see also Wilkins, 505 F.2d at 765. Accordingly, the 1991 drug conviction was properly considered for purposes of calculating the offense level.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3