19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Dewayne NASH, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Dewayne NASH, Defendant-Appellant.
 Nos. 93-30249, 93-30251.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 25, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Carlos Dewayne Nash appeals his 108-month sentence imposed following his guilty pleas to distributing cocaine powder in violation of 21 U.S.C. Sec. 841(a)(1) (District Court No. CR-92-144-1-MFM), and failing to appear for sentencing in violation of 18 U.S.C. Sec. 3146(a)(1) (District Court No. 93-47-1-MFM). Nash contends the district court erroneously classified him as a "career offender" by relying in part on a 1983 state burglary conviction which resulted from an invalid no contest plea. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's determination of the voluntariness of a guilty plea, while reviewing for clear error factual findings concerning the prior conviction. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990).
 
 
 4
 When the government seeks inclusion of a prior conviction for enhancement purposes, it must prove the fact of conviction. Id. at 1122. The burden then shifts to the defendant to show the constitutional invalidity of the prior conviction by a preponderance of the evidence. Id.
 
 
 5
 The defendant's waiver of constitutional rights need not be explicit as long as the plea was "voluntary and intelligent." United States v. Carroll, 932 F.2d 823, 824-25 (9th Cir.1991); accord Wilkins v. Erickson, 505 F.2d 761, 765 (9th Cir.1974) (no requirement that state defendant specifically waive each of his constitutional rights for a valid guilty plea).
 
 
 6
 Here, Nash introduced a copy of the plea transcript of his 1983 Oregon state burglary conviction and a copy of his plea petition. The transcript reveals that: (1) Nash was represented by counsel; (2) the state court advised Nash of the charge; (3) Nash read and signed the plea petition; (4) Nash understood that a plea of no contest was the same as a guilty plea; (5) Nash chose to plead "no contest" because of the overwhelming evidence against him; (6) Nash's counsel recited the factual basis for the charge; and (7) Nash understood he had the right to a jury trial. Additionally, the transcript shows that Nash's counsel spoke with Nash for hours about the plea. In the plea petition, Nash acknowledges he understood and waived his constitutional rights.
 
 
 7
 At his federal sentencing, Nash argued that the 1983 conviction resulted from an involuntary plea because the state court failed to inquire whether he understood his constitutional rights by advising him of them on the record.
 
 
 8
 On the basis of this record, and in the absence of any evidence or specific testimony affirmatively supporting Nash's alleged lack of understanding or waiver of these rights, the district court's finding that Nash's plea was knowing and voluntary was not clearly erroneous. See Newman, 912 F.2d at 1124; see also Carroll, 932 F.2d at 824-25. Accordingly, the 1983 burglary conviction was properly considered for purposes of career offender status.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3