19 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Victor UPHOLD, Defendant-Appellant.
 No. 93-30225.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 25, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Victor Uphold appeals his 151-month sentence imposed following a guilty plea to unarmed bank robbery in violation of 18 U.S.C. Sec. 2113(a). Uphold contends the district court erred by sentencing him as a career offender pursuant to U.S.S.G. Sec. 4B1.1 because his 1973 state felony conviction for armed robbery resulted from an invalid guilty plea. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Uphold asserts his 1973 conviction is constitutionally invalid because the state court failed to advise him of his constitutional rights, the elements of the crime, or the maximum sentence he could receive rendering his plea involuntary. We disagree.
 
 
 4
 We review de novo the district court's determination of the voluntariness of a guilty plea, while reviewing for clear error factual findings concerning the prior conviction. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990). Once the government shows the fact of a prior conviction, the defendant bears the burden of establishing its constitutional invalidity by a preponderance of the evidence. Id. at 1122 (criminal history score computation).
 
 
 5
 A conviction is constitutionally invalid if the defendant pleads guilty without waiving his rights to a jury trial, to confront the witnesses against him and to remain silent. Boykin v. Alabama, 395 U.S. 238, 242 (1969). Under Boykin, the guilty plea is presumed invalid when the record is silent regarding the defendant's waiver of these rights. Id. Because a presumption of regularity attaches to final judgments, however, on collateral review we do not apply the Boykin presumption of invalidity to a silent record. United States v. Mulloy, 3 F.3d 1337, 1339 n. 2 (9th Cir.1993). To overcome the presumption of regularity, a defendant collaterally attacking a prior conviction must affirmatively show that the prior conviction is invalid to bar its use for sentence enhancement. Id. at 1340.
 
 
 6
 Here, the government proved the existence of a 1973 Pennsylvania state judgment of conviction for armed robbery. The judgment reveals Uphold was represented by counsel when he entered his guilty plea to armed robbery. To rebut the presumption of regularity, Uphold submitted an affidavit in which he declared that he had no recollection of ever being informed by the state court, at the time of his guilty plea, of his constitutional rights, the elements of armed robbery, or the maximum sentence he could receive. No plea agreement or reporter's transcript of the plea hearing could be procured.
 
 
 7
 Aside from his affidavit, Uphold failed to present other evidence supporting his claim and relied on the silence of the record. We note that the affidavit is more important for what it does not swear; that Uphold specifically was not informed of his constitutional rights, the elements of armed robbery or the maximum sentence he could receive. Moreover, given the passage of twenty years, it is not surprising that Uphold does not remember the state court so advising him.
 
 
 8
 Accordingly, in the absence of other evidence or specific testimony affirmatively supporting Uphold's assertion, we hold the district court did not err by finding Uphold had not affirmatively demonstrated that his conviction was constitutionally invalid. See Mulloy, 3 F.3d at 1340; see also Newman, 912 F.2d at 1119.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3