Glenn BOLDWARE, Petitioner–
Appellant,

v.

James GOMEZ; California
State Attorney General,
Respondents–Appellees.

Nos. 98–55311, 00–56324.
D.C. No. CV–96–02655–MRP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 2, 1999.

Submission Vacated Aug. 16, 1999.

Submitted Jan. 8, 2001.

Decided Feb. 15, 2001.

Before BOOCHEVER and T.G.

NELSON, Circuit Judges, and WARE,[1] District Judge.

## ORDER

This case is hereby submitted effective January 8, 2001.

## MEMORANDUM[2]

We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We affirm.

### A. *Certificate of Appealability Required*

The notices of appeal in this consolidated case were both filed after the effective date of the AEDPA. Therefore, a certificate of appealability ("COA") rather than a certificate of probable cause ("CPC") was required.[3]

### B. *Claim on Which a COA Issued (No. 98–55311)*

▮ The only claim on which a COA issued, and therefore over which we have jurisdiction,[4] is whether the state trial court violated Boldware's due process rights by failing to *sua sponte* hold a com-

petency hearing before accepting Boldware's guilty plea. Because the evidence before the state trial court was insufficient to raise a *bona fide* doubt as to Boldware's competency to enter a plea, we answer this question in the negative.[5]

First, although the trial court referred Boldware for an evaluation pursuant to California Penal Code § 4011.6 because of an "incident" that occurred during lockup,[6] the mental health professionals that examined Boldware pursuant to this referral determined that Boldware was not a danger to himself or others and not gravely disabled. Moreover, neither the mental health experts' evaluation, nor their recommendation that observation and treatment be continued, raised a question as to Boldware's ability to understand the criminal proceedings or assist in his defense.[7]

Second, although Boldware exhibited behavior that may be viewed as "bizarre"—he "often made violent outburst[s] during court," did not respond when spoken to at his arraignment, and was making it difficult for defense counsel to communicate with him[8]—this behavior also did not indi-

---

1. Honorable James Ware, United States District Court Judge for the Northern District of California, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

3. *See Slack v. McDaniel,* 529 U.S. 473, 481, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); 28 U.S.C. § 2253(c) (1998).

4. *See Slack,* 529 U.S. at 481–82, 120 S.Ct. 1595.

5. *See Amaya–Ruiz v. Stewart,* 121 F.3d 486, 489 (9th Cir.1997).

6. Boldware has not revealed what this "incident" involved, but argues that the district court should have held an evidentiary hearing to determine what the "incident" involved

and whether the "incident" should have raised a doubt as to his competency. Boldware himself was obviously involved in this "incident" and therefore has knowledge of what the "incident" involved. The district court is not required to hold an evidentiary hearing to uncover facts that are known to the petitioner.

7. *See Amaya–Ruiz,* 121 F.3d at 490–91.

8. Boldware also claims that there is evidence that he "may have smeared human feces on himself." He does not, however, contend that this incident (that *may* have occurred) happened in court, nor does he contend that the trial court knew of the incident. Moreover, Boldware himself would have knowledge of whether this incident actually occurred. His assertion that this "may" have occurred is insufficient to raise a reasonable doubt as to his competency.

cate an inability to understand the criminal proceedings or assist in his defense.[9]

Third, Boldware's defense counsel never suggested that Boldware was incompetent prior to the plea hearing. To the contrary, defense counsel explicitly told the trial court that the defense did not intend to declare doubt as to Boldware's sanity.[10]

Finally, at the plea hearing itself, Boldware was alert and responded clearly and rationally to the trial court's questions. He answered questions appropriately, in a complete and comprehensible manner, and was able to articulate the facts surrounding the crimes that he committed. In this situation, it can not be said that "a reasonable judge would be expected to have a *bona fide* doubt as to the defendant's competence."[11] Due process did not, therefore, require the state trial court to *sua sponte* inquire into Boldware's competency.[12]

## C. *Claims on Which COA was Denied (No. 00–56324)*

The district court denied a COA on all the remaining claims.[13] We affirm this denial.

### 1. *Federal Rule of Criminal Procedure 11 Claim*

■ State courts are not bound by Federal Rule of Criminal Procedure 11. Thus, the state court's failure to comply with Rule 11 is insufficient, in and of itself, to show a denial of a constitutional right.[14] A COA cannot, therefore, issue on this claim.[15]

### 2. *Knowing and Voluntary Plea Claim*

Our review of the record indicates that Boldware was informed of and voluntarily waived all three of the rights required by *Boykin v. Alabama*.[16] Moreover, there is no indication that Boldware was unaware of the true nature of the charges against him or the consequences of his guilty plea, nor is there any indication that Boldware's plea was coerced.[17] The alleged deficien-

---

9. *See Amaya–Ruiz*, 121 F.3d at 490–91.

10. *See Hernandez v. Ylst*, 930 F.2d 714, 718 (9th Cir.1991) ("We deem significant the fact that the trial judge, government counsel, and [defendant's] own attorney did not perceive a reasonable cause to believe [defendant] was incompetent.").

11. *Amaya–Ruiz*, 121 F.3d at 489.

12. *See id.*

13. Under Ninth Circuit Rule 22–1, Boldware had thirty-five days after the district court's July 27, 2000, entry of its order denying the COA within which to file in this court "a motion for a certificate of appealability along with a statement of reasons why a certificate should issue as to any issue(s)." We interpret Boldware's letter brief filed in this court as a motion for a COA. Moreover, although this motion was not filed within thirty-five days of the district court's order denying a COA, Boldware timely sought and this court granted an extension of time within which to file his motion. His motion is therefore timely.

14. *United States v. Newman*, 912 F.2d 1119, 1123 (9th Cir.1990) ("While Rule 11 sets forth the requirements for the entering of a plea in federal court, these requirements are not binding on a state court to the extent they are not grounded in the Constitution.").

15. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.").

16. 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

17. *See Henderson v. Morgan*, 426 U.S. 637, 645, 647, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) (stating that a "plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him' " with the caveat, however, that "it may be appropriate to presume that in most cases defense counsel routinely explain the nature

cies in the plea colloquies that Boldware enumerates relate to elements that simply are not constitutionally required. A COA cannot issue on this claim.[18]

Denial of petition for writ of habeas corpus (No. 98–55311) AFFIRMED. Motion for COA on additional issues (No. 00–56324) DENIED.

---

of the offense in sufficient detail to give the accused notice of what he is being asked to admit").

