Darius GAINES, Petitioner–Appellant,

v.

Darrel G. ADAMS, Warden; Attorney General of the State of California, Respondents–Appellees.

No. 06–17272.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Nov. 7, 2007.

Phillip H. Cherney, Esq., Visalia, CA, for Petitioner–Appellant.

Justain P. Riley, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: ALARCÓN and TALLMAN, Circuit Judges, and DUFFY *, Senior Judge.

### MEMORANDUM **

 The trial court did not violate Gaines's constitutional rights by failing to obtain a factual basis for his guilty plea. *See McCarthy v. United States,* 394 U.S. 459, 464, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (stating that the procedures embodied in Federal Rule of Criminal Procedure 11 have not been held to be constitutionally mandated); *see also United States v. Newman,* 912 F.2d 1119, 1120 (9th Cir. 1990) (rejecting argument that federal constitution mandates the taking of the factual basis of a guilty plea). Moreover, the trial court properly advised Gaines of the direct consequences of his guilty plea; Gaines had no reasonable expectation of being sentenced anywhere other than state prison.

 The California Court of Appeal did not unreasonably apply Supreme Court precedent when it concluded that Gaines knowingly and voluntarily waived any right to challenge his guilty plea on double jeopardy grounds. Gaines informed the court that he had sufficient time to cover the consequences of his guilty plea with trial counsel. He then responded affirmatively when asked if he was willing to waive any "654 or pleading difficulties."

We review a district court's factual findings and credibility determinations for clear error. *See Lambert v. Blodgett,* 393 F.3d 943, 964 (9th Cir.2004). The district court applied the correct legal standard, *see Iaea v. Sunn,* 800 F.2d 861, 865 (9th

Cir.1986) (stating that a "gross mischaracterization of the likely outcome presented [by a plea bargain], combined with the erroneous advice on the possible effects of going to trial, falls below the level of competence required of defense attorneys"), and considered all evidence presented during the evidentiary hearing. The district court's factual findings were not clearly erroneous.

**AFFIRMED.**

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

